UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD COLLINS,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOSHUA COLLINS, et al.,<br><br>                    Defendants. | Case No. 3:16-cv-00111-MMD-WGC<br><br>ORDER |

**I.      DISCUSSION**

In February 2016, Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.. (ECF Nos. 1, 1-1.) On July 25, 2016, Plaintiff filed an emergency motion requesting a 120 day stay of the case to allow him to recover from surgery. (ECF No. 4.)

Pursuant to Federal Rule of Civil Procedure 6, the Court may, for good cause, extend the time for an act to be done. Fed. R. Civ. P. 6(b)(1). The Court finds, however, that the time requested by Plaintiff is too extensive to be granted. The court must consider several factors when faced with a plaintiff's failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the

docket, weigh against Plaintiff's request for an extended stay. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

Plaintiff is given an opportunity to voluntarily dismiss this case without prejudice by filing a notice of voluntary dismissal within twenty (20) days. Plaintiff may then pursue his claims at a later date, when he has fully recovered from surgery. Should Plaintiff wish to continue with this action now, he should notify the Court of his wish to proceed within twenty (20) days. If Plaintiff sends a timely notice of his wish to proceed, the Court will screen his complaint. If Plaintiff fails to file a timely notice or files a voluntary dismissal, the Court will dismiss this case without prejudice to Plaintiff to later file a new action.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's emergency motion to stay (ECF No. 4) is denied.

It is further ordered that Plaintiff will have twenty (20) days from the date of entry of this order to file a notice of voluntary dismissal or a notice indicating his wish to proceed with this action now.

It is further ordered that if Plaintiff fails to timely comply with this order, or chooses not to file a notice of any kind, the Court will dismiss this action without prejudice.

DATED THIS 25th day of August 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE