UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RONALD COLLINS,

Plaintiff,

v.

JOSHUA COLLINS, et al.,

Defendants.

Case No. 3:16-cv-00111-MMD-WGC

ORDER

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 24, 2016, Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, asserting four counts against multiple defendants (ECF No. 11-1, 11-2, 11-3).

On September 15, 2017, the Court issued a screening order on Plaintiff's amended complaint (ECF No. 19). The Court allowed Plaintiff to proceed on the following: (1) Count I retaliation claim against Defendant Collins; (2) Count I excessive force claim against Defendant Collins; (3) Count II excessive force claim against Defendant Hightower; (4) Count III deliberate indifference claim related to growths against Defendants Gedney, Marr, and Aranas; (5) Count III deliberate indifference claim related to treatment of Plaintiff's back against Defendants Gedney, Marr, and Aranas; and (6) Count IV due process claim against Defendants Rexwinkle, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad. (ECF No. 19 at 7.) The Court dismissed Defendants Baugh, Clark, and Smith, without prejudice, from this action. (*Id.*)

Presently before the Court is Plaintiff's motion for preliminary injunction and objection to this Court's screening order on Plaintiff's amended complaint (ECF Nos. 21, 23). The Court discusses each in turn.

**II.    MOTION FOR PRELIMINARY INJUNCTION**

On September 18, 2017, Plaintiff filed a motion for preliminary injunction.[1] (ECF No. 21.) In the motion, Plaintiff seeks injunctive relief ordering Defendant Aranas to not dispose of any of Plaintiff's medical records from 2014 to present, including MRI reports and x-rays, and to comply with Plaintiff's doctor's orders to have an MRI performed. (*Id.* at 4.) Plaintiff is afraid that his medical records will be disposed of as "out of date" by the medical department, which has happened in the past. (*Id.*) Further, Plaintiff alleges that the surgeon who performed Plaintiff's back surgeries requested an MRI on January 18, 2017, but Defendants refuse to schedule the MRI, which has caused Plaintiff unnecessary pain. (*Id.*) Plaintiff attaches to his motion a medical kite dated July 1, 2017, in which he asks why he has not been schedule for the MRI. (*Id.* at 9.) Plaintiff is told, "You are on a list." (*Id.*) As of the date of the filing of his motion for preliminary injunction, Plaintiff had still not received the MRI requested by his back surgeon.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

---

[1] The Court considers this motion to be timely filed and not in violation of the 90-day stay, as it appears to have crossed paths with this Court's screening order issued on Friday, September 15, 2017.

The Court finds that, based on the facts alleged in the present motion (ECF No. 21), and in Plaintiff's amended complaint (ECF No. 20), Plaintiff states a colorable claim for Eighth Amendment deliberate indifference to serious medical needs. Furthermore, the Court finds that based on the nature of Plaintiff's allegations, Plaintiff could likely suffer irreparable harm by further delay in receiving a MRI. As such, the Court orders the Attorney General's Office to advise the Court within **seven (7)** days from the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants. Additionally, based on the nature of the allegations, Defendants will also have seven (7) days from the date of this order to file their response to Plaintiff's motion for preliminary injunction.

### III. MOTION FOR RECONSIDERATION

On September 20, 2017, Plaintiff filed an objection to the screening order on Plaintiff's amended complaint under Federal Rule of Civil Procedure 46. (ECF No. 23.) Rule 46's essential function is to require parties to raise timely objections to a ruling or order made during trial and other trial-like proceedings. Rule 46 is therefore inapplicable to Plaintiff's "objection" to this Court's screening order. Therefore, the Court construes Plaintiff's objection as a motion for reconsideration under the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff's motion contains the following objections to the Court's screening order: (1) Count I and III related to non-treatment of Plaintiff's arm and shoulder should not have been dismissed; (2) Defendants Baugh, Clark, and Smith should not have been dismissed; (3) Allegations related to Plaintiff being transferred and Defendant Rexwinkle should not have been dismissed; (4) Count I related to medical diet should not have been dismissed; (5) Count II related to conditions of confinement and recreation yard time should not have been dismissed; (6) Count IV related to Freedom of Religion and Equal Protection should have been ruled on; (7) Count III related to Plaintiff's foot condition should not have been dismissed; and (8) Count II alleging retaliation against Defendant Hightower should not have been dismissed. (ECF No. 23 at 2-10.) The Court discusses each in turn.

### A. Counts I and III — Treatment of Arm and Shoulder

Plaintiff contends that his Count I and III claims related to non-treatment of his arm and shoulder should not have been dismissed because in his amended complaint he informed the Court that no treatment has been offered for his arm and shoulder (ECF No. 11-1 at 14-19) and he submitted additional evidence (ECF No. 18), which includes all of Plaintiff's grievances and doctors' reports. (ECF No. 23 at 2-3.) The Court finds that in spite of Plaintiff's contention that his arm and shoulder have not been treated, Plaintiff's own motions show otherwise. In his amended complaint, Plaintiff details numerous visits with nurses and doctors, x-rays, and examinations of his arm and shoulder. (ECF No. 11-1 at 14-19.) Plaintiff also details a grievance response that states "Medical staff did conduct an assessment on the day in question with negative results of injury." (*Id.* at 11-1 at 17.) A difference of opinion between the physician and the prisoner concerning the

appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Accordingly, Plaintiff failed to state a colorable deliberate indifference claim related to his arm/shoulder.

**B.     Dismissal of Defendants Baugh, Clark, and Smith**

Plaintiff asserts that Defendants Baugh, Clark, and Smith were deliberately indifferent to his serious medical needs by not informing doctors when Plaintiff was laying on the floor of his cell in pain. (ECF No. 23 at 3-4.) However, Plaintiff claims that Defendant Baugh, who is a nurse, would notify Defendants Clark and Smith, her supervisors, of Plaintiff's condition. (*Id.* at 4.) Further, in Plaintiff's amended complaint, he alleges that he was receiving pain medication for the pain and he did not allege further injury as a result of not immediately seeing a doctor. *See Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (where a prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury). Accordingly, Plaintiff failed to state a colorable deliberate indifference claim against Defendants Baugh, Clark, and Smith.

**C.     Transfer Issue and Dismissal of Defendant Rexwinkle**

Plaintiff argues that his allegations related to being transferred by Rexwinkle to different prisons should not have been dismissed. (ECF No. 23 at 6, 8-9.) However, Plaintiff's claims concerning transfers were dismissed with prejudice in the original screening order (ECF No. 8 at 14) because prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

**D.     Count I — Medical Diet**

Plaintiff contends that his claim related to his medical diet should not have been dismissed. (ECF No. 23 at 6-7.) Plaintiff alleged in his amended complaint that Defendant Collins smashed his lunches, specifically his hard boiled eggs, making his lunches inedible. (ECF No. 11-1 at 9-10.) "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). It was unclear to the

Court if Plaintiff was alleging that because Defendant Collins smashed his lunches, he was left with an inedible lunch, or if Defendant Collins was actually withholding, and thus depriving Plaintiff of food. However, in the motion for reconsideration, Plaintiff clarifies that Defendant Collins would "refuse to pass [lunch] to Plaintiff for a week at a time… Plaintiff was left no lunches." (ECF No. 23 at 6.) When considering conditions of confinement, the Court should consider the amount of time to which the prisoner was subjected to the condition. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978). Upon reviewing the motion for reconsideration and the amended complaint again, liberally construed, Plaintiff states a colorable conditions of confinement claim based on having his lunches withheld for a week at a time by Defendant Collins. This claim shall proceed against Defendant Collins.

### E. Count II — Recreation Yard Time

Plaintiff asserts that his claim related to recreation yard time should not have been dismissed. (ECF No. 23 at 7-8.) In his amended complaint, Plaintiff alleges that his access to yard time is limited to a "cage" with no toilet access. (ECF No. 11-1 at 22-24.) Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314, *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995). With respect to exercise, the Ninth Circuit has recognized that "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Plaintiff failed to allege prolonged lack of sanitation or denial of exercise resulting in medical effects. Accordingly, Plaintiff failed to state a colorable conditions of confinement claim.

///

### F. Count IV — Classification Status

Plaintiff alleges that his claims related to being classified as a gang member should have been addressed in the screening order. (ECF No. 23 at 9.) Plaintiff is attempting to state a due process claim based on his classification status. The Court dismisses this claim with prejudice, as amendment would be futile. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that prisoners have no liberty interest in their classification status).

### G. Count III — Foot Condition

In his motion for reconsideration, Plaintiff claims that his allegations related to his foot condition were allowed to proceed in the original screening order, but not the screening order on the amended complaint. (ECF No. 23 at 9-10.) However, the Court did address Plaintiff's "drop foot" condition in the screening order on the amended complaint, and allowed Plaintiff to proceed with his deliberate indifference claim against Defendants Gedney, Marr, and Aranas. (*See* ECF No. 19 at 5-6.) Therefore, there is no basis for this objection.

### H. Count II — Claims against Defendant Hightower

Finally, Plaintiff objects to the dismissal of the retaliation and deliberate indifference claims against Defendant Hightower. (ECF No. 23 at 10.) Plaintiff does not present any further argument, but just asks that the Court read the amended complaint. (*Id.*) In this Court's first screening order, these claims were dismissed for failure to state a colorable claim, and Plaintiff was granted leave to amend. (*See* ECF No. 8 at 11-12.) Plaintiff failed to adequately amend these claims in his amended complaint, and therefore the Court again dismissed them. (*See* ECF No. 19 at 4-5.) The Court denies this objection. "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Kinross Gold, U.S.A.*, 378 F.Supp.2d at 1288. Further, a motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Aside from Plaintiff's argument related to his medical diet, the Court finds that Plaintiff has not presented the Court with any newly discovered evidence, shown that the

Court committed clear error, that the initial decision was manifestly unjust, or that there has been an intervening change in controlling law. Accordingly, Plaintiff's motion for reconsideration is granted in part and denied in part.

**IV.     CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the motion for preliminary injunction (ECF No. 21) is deferred.

It is further ordered that the Attorney General's Office must advise the Court within seven (7) days from the date of entry of this order whether it can accept service of process for the named Defendants and enter a limited appearance for the purpose of responding to the motion for preliminary injunction (ECF No. 21). In its notice, the Attorney General's Office will advise the Court and Plaintiff of: (a) the names of the Defendants for whom it accepts service; (b) the names of the Defendants for whom it does not accept service, and (c) the names of the Defendants for whom it is filing last-known-address information under seal. As to any of the named Defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but will not serve the inmate Plaintiff the last known addresses of those Defendants for whom it has such information. If the last known address of the Defendants is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical addresses.

It is further ordered that Defendants must file a response to Plaintiff's motion for preliminary injunction (ECF No. 21) within seven (7) days of the date of entry of this order. If Plaintiff chooses to file a reply, he must do so within ten (10) days after Defendants file a response.

It is further ordered that the Clerk of the Court electronically serve a copy of this order, a copy of Plaintiff's amended complaint (ECF No. 20), and a copy of Plaintiff's motion for preliminary injunction (ECF No. 21) on the Office of the Attorney General of the State of Nevada, attention Barbara Fell.

It is further ordered that Plaintiff's motion for reconsideration (ECF No. 23) is granted in part and denied in part.

It is further ordered that in light of the motion for reconsideration, and the screening order on the amended complaint, the following claims will proceed:

- Count I, alleging conditions of confinement claim related to medical diet, will proceed against Defendant Collins.
- Count I, alleging retaliation, will proceed against Defendant Collins.
- Count I, alleging excessive force, will proceed against Defendant Collins.
- Count II, alleging excessive force, will proceed against Defendant Hightower.
- Count III, alleging deliberate indifference related to a growth on Plaintiff's hand, will proceed against Defendants Gedney, Marr, and Aranas.
- Count III, alleging deliberate indifference related to treatment of Plaintiff's back, will proceed against Defendants Gedney, Marr, and Aranas.
- Count IV, alleging due process violations, will proceed against Defendants Rexwinkle, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad.

It is further ordered that the deadlines set forth in this Court's screening order on the amended complaint (ECF No. 20) will remain in full effect.

DATED THIS 28th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE