# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD COLLINS,  ) 3:16-cv-00111-MMD-WGC
                 )
    Plaintiff,   ) **REPORT & RECOMMENDATION**
                 ) **OF U.S. MAGISTRATE JUDGE**
    vs.          )
                 )
JOSHUA COLLINS, *et al.*, )
                 )
    Defendants.  )
_____)

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Mandatory Injunction. (ECF No. 21.) Defendants filed a response (ECF No. 28), and Plaintiff filed a reply (ECF Nos. 29, 29-1, 30, 30-1).

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 20.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC), Lovelock Correctional Center (LCC), and Warm Springs Correctional Center (WSCC). (*Id.*) Defendants are Collins, Hightower, Dr. Gedney, Dr. Mar, Dr. Aranas, Rexwinkle, LeGrand, McDaniel, Baca, Deal, Walsh, Irvin, Foster and Skulstad.

///

///

Plaintiff was allowed to proceed with the following claims:

(1) In Count I, an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant Collins based on allegations that Collins withheld Plaintiff's lunches for a week at a time;

(2) In Count I, a retaliation claim against defendant Collins based on allegations that Collins injured Plaintiff's arm and filed false charges against him when he asked for a grievance, and then told him he hoped Plaintiff learned his complaints would get him nowhere;

(3) In Count I, an excessive force claim against defendant Collins based on allegations that after he asked for a grievance, Collins injured his arm;

(4) In Count II, an excessive force claim against defendant Hightower;

(5) In Count III, an Eighth Amendment deliberate indifference claim related to a growth on Plaintiff's hand against Dr. Gedney, Dr. Mar and Dr. Aranas;

(6) In Count III, an Eighth Amendment deliberate indifference claim related to treatment of his back which resulted in nerve damage and a "drop foot" against defendants Dr. Gedney, Dr. Mar and Dr. Aranas; and

(7) In Count IV, due process claims against Rexwinkle, LeGrand, McDaniel, Baca, Deal, Walsh, Irvin, Foster and Skulstad.

(Screening Orders, ECF Nos. 8, 19, 24.)

Plaintiff seeks a mandatory injunction that: (1) NDOC's Medical Director, Dr. Aranas, not dispose of any of Plaintiff's medical records from 2014 to the present; and (2) Defendants comply with Plaintiff's specialist's order for an MRI. Plaintiff's motion makes passing reference to a failure to diagnose or treat a condition related to his foot, but he does not appear to seek any injunctive relief in that regard.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure provide that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until

the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. See Gilmore v. People of the State of California, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### **III. DISCUSSION**

Insofar as Plaintiff seeks an order that Dr. Aranas not dispose of any of his medical records from 2014 to the present, Plaintiff's motion should be denied. As Defendants point out, Nevada law already requires them to retain the records. *See* Nev. Rev. Stat. 629.051. In addition, federal law requires a party to preserve evidence it knows or should know is relevant to a claim or defense of any party. *Reinsdorf v. Skechers U.S.A. Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. July 19, 2013); *In re Napster, Inc. Copyright*

1 | *Litigation*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). Once the duty to preserve takes effect, a party must "suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." *In re Napster*, 462 F.Supp.2d at 1070 (citations omitted). If such evidence is nevertheless destroyed or not preserved, a party's recourse is to file a motion for spoliation sanctions. *See id.* at 1066 (internal citations omitted). In his reply brief, Plaintiff raises a different issue: his ability to review his medical records in connection with litigation. Plaintiff should be able to kite the warden to review his medical records as is reasonably necessary in connection with this litigation.

The court will now address Plaintiff's request for an order that Defendants comply with his specialist's recommendation of an MRI. In their response, Defendants represent that Plaintiff's MRI had been scheduled to occur within two weeks of when the response was filed, but were unable to disclose the exact date for security reasons. (ECF No. 28 at 4-5, Keast Decl., ECF No. 28-1 ¶ 7.) Defendants filed their response on October 5, 2017. Therefore, **on or before October 25, 2017**, they should file a notice with the court confirming that Plaintiff has had his MRI.

To the extent Plaintiff raises new claims of delays in medical care in his reply brief, the court will not address these here as they do not pertain to his request for injunctive relief.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion (ECF No. 21). Defendants should be required to file a notice confirming Plaintiff has had his MRI on or before October 25, 2017.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///
///
///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 11, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE