# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD COLLINS,            )   3:16-cv-00111-MMD-WGC
                           )
         Plaintiff,        )   **ORDER**
                           )
    vs.                    )
                           )
JOSHUA COLLINS, *et al.*,  )
                           )
         Defendants.       )
_____)

Before the court is Plaintiff's Motion to Exclude Case from Mediation Program and Issue a Scheduling Order (ECF No. 22). Plaintiff requests his case be exempt from the mediation program because "this case can not [sic] be settled when the Defendants keep ignoring the Plaintiff's medical conditions for which they in fact caused by their actions and their failure to act." (ECF No. 22 at 2, 3.)

The history of this case reflects the court screened Plaintiff's amended complaint and Plaintiff was allowed to proceed with the following claims: (1) In Count I, an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant Collins based on allegations that Collins withheld Plaintiff's lunches for a week at a time; (2) In Count I, a retaliation claim against defendant Collins based on allegations that Collins injured Plaintiff's arm and filed false charges against him when he asked for a grievance, and then told him he hoped Plaintiff learned his complaints would get him nowhere; (3) In Count I, an excessive force claim against defendant Collins based on allegations that after he asked for a grievance, Collins injured his arm; (4) In Count II, an excessive force claim against defendant Hightower; (5) In Count III, an Eighth Amendment deliberate indifference claim related to a growth on Plaintiff's hand against Dr. Gedney, Dr. Mar and Dr. Aranas; (6) In Count III, an Eighth Amendment deliberate indifference claim related to treatment of his back which resulted in nerve

damage and a "drop foot" against defendants Dr. Gedney, Dr. Mar and Dr. Aranas; and (7) In Count IV, due process claims against Rexwinkle, LeGrand, McDaniel, Baca, Deal, Walsh, Irvin, Foster and Skulstad. (Screening Orders, ECF Nos. 8, 19.)

The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed. (ECF No. 19.)

The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (*Id.* at 9.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. Plaintiff's rationale is that because "this case can not [sic] be settled when the Defendants keep ignoring the Plaintiff's medical conditions for which they in fact caused by their actions and their failure to act." (ECF No. 22 at 2, 3.)

In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 19).

Plaintiff's Motion to Exclude Case from Mediation Program and Issue a Scheduling Order (ECF No. 22) is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 13, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE