UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD COLLINS,

Plaintiff,

v.

JOSHUA COLLINS, et. al.,

Defendants.

Case No. 3:16-cv-00111-MMD-WGC

**ORDER**

Re: ECF No. 72

Before the court is Plaintiff's Opposition to Defendants' Suggestion of Death of Defendant Julie Rexwinkel and Motion to Substitute Rexwinkel for her Estate, and Objection. (ECF Nos. 71, 72.) Defendants filed a response, titled a "Notice of Compliance." (ECF No. 88.) Plaintiff filed a "response" which he also labeled as an objection to Defendants' Notice of Compliance. (ECF No. 91.) Defendants filed a reply in support of their Notice of Compliance. (ECF Nos. 93, 93-1.)

**I. BACKGROUND**

Plaintiff's Amended Complaint is proceeding with the following claims: (1) a First Amendment retaliation and Eighth Amendment excessive force claim in Count I against defendant Collins; (2) an Eighth Amendment excessive force claim in Count II against defendant Hightower; (3) an Eighth Amendment deliberate indifference to serious medical needs claim in Count III against defendants Gedney, Marr, and Aranas; (4) a Fourteenth Amendment due process claim against defendants Rexwinkel, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster and Skulstad. (ECF Nos. 8, 19, 20.)

On June 20, 2018, Defendants filed a suggestion of death as to defendant Julie Rexwinkel. (ECF No. 61.)

In his motion, Plaintiff states that Defendants waited months after Rexwinkel's death to

notify him, and requests proof of time of death. In addition, he states that Rexwinkel should not be dismissed as a substitute can be made pursuant to Rule 25. He states that under Rule 25, the State can be substituted for her in her official capacity since she was a supervisor, and that her estate can be substituted for her in her individual capacity.

The court addressed this motion preliminarily at a hearing on July 16, 2018. (Minutes at ECF No. 78 at 3-4.) The court explained that pursuant to Federal Rule of Civil Procedure 25, Rexwinkel's death did not automatically terminate her as a defendant, and the court directed Deputy Attorney General Zana to undertake efforts to ascertain whether or not there is an estate for Julie Rexwinkel. As such, the court gave Defendants additional time to respond to Plaintiff's motion for substitution, and directed Defendants to include in their response a discussion of whether or not there is an estate for Ms. Rexwinkel.

In Defendants' response, Deputy Attorney General Zana asserts that she was informed on June 19, 2018, by another Deputy Attorney General, Erin Albright, that she had received notice from the United States Marshals Service that service could not be accomplished in one of her cases due to the death of Julie Rexwinkel. (ECF No. 88.) Defense counsel reports that she asked Deputy Attorney General Albright about what information she had; made multiple telephone calls to the last known telephone number; sent correspondence via certified and first class mail; reviewed court and probate websites for the last known counties where she resided; but, was unable to locate any record of a probate and/or estate for Julie Rexwinkel. (ECF No. 88.) This information is verified in Ms. Zana's declaration. (ECF No. 93-1.)

In his response brief, Plaintiff states that Rexwinkel's husband was a corrections officer at NNCC, and would be a successor representative. (ECF No. 91.) On this basis, Plaintiff "objects" to Defendants' filing in response to the court's order to undertake efforts to determine if there was an estate or substitute.

Upon receipt of Plaintiff's response, Deputy Attorney General undertook additional investigatory steps and discovered that a Darrel Rexwinkel retired from NDOC on October 6, 2007, and she verified that the address and telephone number on file for Darrel Rexwinkel and Julie Rexwinkel are the same. (Zana Decl., ECF No. 93-1 ¶¶ 9-10.) Ms. Zana sent

correspondence to that address, but did not receive any documentation or contact in response. (*Id.* ¶ 3.) In addition, the voice mailbox connected to the telephone number (the only number left on file for either Rexwinkel) was full, and no voice message could be left, despite multiple efforts. (*Id.* ¶ 5.)

## II. DISCUSSION

First, the court accepts Ms. Zana's explanation that she did not learn of Ms. Rexwinkel's death until June 19, 2018, when Ms. Albright advised her that service was not accomplished as to Julie Rexwinkel in another case, with the United States Marshals Service noting Ms. Rexwinkel was deceased. Ms. Zana filed the suggestion of death the following day. Therefore, Plaintiff's "objection" to the suggestion of death is not well taken.

The court will now address Plaintiff's motion to substitute.

Federal Rule of Civil Procedure 25 provides in pertinent part:
**(a) Death**
 (1) *Substitution if the Claim is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
…
 (3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.
…
**(d) Public Officers; Death or Separation from Office**. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(a)(1), (3), (d).

The law of the forum state generally determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *see also Robertson v. Wegmann*, 436 U.S. 588-59 (1978).

Nevada law provides: "Except as otherwise provided in this section, no cause of action is

lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." Nevada Revised Statute (NRS) 41.100(1). "In an action against an executor or administrator, any damages may be awarded which would have been recovered against the decedent if the decedent had lived, except damages awardable under NRS 42.005 or 42.010 or other damages imposed primarily for the sake of example or to punish the defendant." NRS 41.100(2).

Therefore, the claim asserted against Rexwinkel is not extinguished by her death.

Plaintiff's Amended Complaint checked the boxes indicating Rexwinkel is being sued in both her individual and official capacities. The screening order allowed Plaintiff to proceed on the amended complaint with a due process claim against Rexwinkel in Count IV, but did not specifically address the claim in terms of her being sued in her individual versus official capacity.

A state official sued in his or her *official* capacity for damages is not a person subject to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). State officials sued in their official capacity for *injunctive relief*, however, are persons for purposes of section 1983. *See id*. at 71, n. 10. A claim against a defendant in his or her official capacity is actually a suit against the entity of which the named defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159 (1985). The real party in interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id*. at 166. In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the government entity of which the official is an agent was the moving force behind the violation. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Personal capacity suits, on the other hand, "seek to impose personal liability upon a government official for actions [the official] takes under color of state law." *Kentucky*, 473 U.S> at 165. Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See id*. at 166.

The only claim proceeding against Rexwinkel is in Count IV. There, Plaintiff alleges he was wrongfully placed into a security threat group (STG) and as a result he has been placed in administrative segregation for over two years. He alleges he requested multiple STG due process

classification hearings but Rexwinkel, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad refused to hold one. The court allowed him to proceed with his due process claim based on these allegations. (ECF No. 8 at 15-16; ECF No. 19.)

More specifically, Plaintiff alleges that he was sent to NNCC on May 2, 2013 due to his medical condition, and on arrival, he was told by Rexwinkel that he could not be placed in the general population yard or in the general population medical unit because he was classified to an STG group. Plaintiff told her he had never been given a hearing, and asked for one. He was then placed in the administrative segregation unit. He alleges that she denied his request.

While Plaintiff checked the box indicating he was suing Rexwinkel in her official capacity, he does not include a request for injunctive relief such that he could maintain an official-capacity suit against her. Even if he did, he does not include allegations that would support an official-capacity claim against Rexwinkel, *i.e.,* that a policy of NDOC was the moving force behind the alleged constitutional violation. Instead, he alleges that the due process violation was the result of actions taken by Rexwinkel individually in denying his request for a hearing on his STG classification. Therefore, Plaintiff does not state an official-capacity claim against Rexwinkel, and there is no need to address his argument that the court should substitute a party pursuant to Rule 25(d).

The court will now address whether and how the individual capacity claim might proceed against Rexwinkel in light of her death.

"If a party dies and the claim is not thereby extinguished," as is the case here, "the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). Any party or the decedent's successor or representative may make a motion for substitution. *Id*. If not made within ninety days after service of a statement noting the death, the action must be dismissed with respect to the decedent. *Id*. The rule requires that a motion to substitute, as well as the statement noting death, be served on parties pursuant to Rule 5 and on non-parties pursuant to Rule 4. Fed. R. Civ. P. 25(a)(3).

In *In re MGM Mirage Securities Litigation*, 282 F.R.D. 600 (D. Nev. 2012), District Judge Navarro recognized that neither Rule 25 nor the Ninth Circuit have required a defendant to identify

a successor in the suggestion of death, but some district courts within the Ninth Circuit have required a defendant who has filed a suggestion of death to undertake reasonable efforts to discovery the identity of a successor or representative. *In re MGM Mirage Securities Litigation*, 282 F.R.D. at 603 (citations omitted). There, Judge Navarro directed the defendants to undertake an investigation regarding the status of the decedent's estate, and if counsel was able to obtain information about the representative of the estate or appropriate successor, the notice of suggestion of death was to be served on the proper non-party. *Id*. If counsel was unable to obtain the information, a declaration was to be filed describing the efforts made to comply with the order. *Id*.

Following this rationale, the court directed Deputy Attorney General Zana to undertake efforts to determine whether or not there was an estate and potential successor party for Julie Rexwinkel. The court directed the same undertaking be made in another case where Rexwinkel was named a defendant, but was assigned another Deputy Attorney General, Erin Albright. (*See* Case No. 3:17-cv-00043-MMD-WGC, *Brand v. Cox, et. al*., ECF No. 68.) While Judge Navarro concluded in *In re MGM Mirage Securities Litigation* that the plaintiff was not relieved of also making reasonable inquiry regarding the appropriate successor, in both this case and *Brand*, the court did not impose, at least initially, a similar obligation on the plaintiffs, who are pro se inmates, that would have little or no resources to discover the pertinent information.

Ms. Zana indicates that she discussed the matter with Ms. Albright, left messages and sent correspondence to the last known contact information for Rexwinkel, and checked websites to determine if there was any information available regarding an estate for Ms. Rexwinkel, to no avail. After receiving Plaintiff's response indicating Ms. Rexwinkel was married to a person who had also been employed by NDOC, she verified that was the case, and that the address she had on file for both was the same. She had sent correspondence and attempted to contact the number on file, and received no response.

In connection with the *Brand* case, the undersigned also conducted a search of probate records through the State court websites, and searched relevant local newspapers for obituaries, with no success. The court did not locate a motion filed in State court seeking to ascertain or appoint a representative or successor for Ms. Rexwinkel. (*See* ECF No. 3:17-cv-00043-MMD-

1 WGC, ECF No. 76 at 16-17.)

2 At this juncture, the court does not find that any further efforts to identify a successor
3 should be required of Ms. Zana.

4 The Ninth Circuit explicitly declined to address the issue of whether the period to file a
5 motion to substitute when the nonparty successor or representative is not served with the statement
6 noting the death because the appropriate person could not be ascertained at the time the suggestion
7 of death was made. *Barlow v. Ground,* 39 F.3d 231, 234 (9th Cir. 1994) (citations omitted).

8 As in *Brand*, the undersigned adopts the position that the ninety-day period was triggered
9 by the filing of the suggestion of death even though a successor party was not served with the
10 notice because the appropriate person could not be ascertained at the time the suggestion of death
11 was made. *See e.g. Unicorn Tales, Inc. v. Banerjee*, 135 F.3d 467, 469-70 (2d Cir. 1998) (holding
12 that all Rule 25 required was service of the notice of death upon existing parties to trigger the 90-
13 day period in a case where there was inability or significant difficulty identifying the decedent's
14 legal representative or successor); *Williams v. Baron*, No. 2:03-cv-2044 LKK JFM (PC), 2009 WL
15 331371, at *3 (E.D. Cal. 2009) (same).

16 Plaintiff has timely filed a motion to substitute Rexwinkel, but there is no party identified
17 to date to substitute. If no substitute party is identified within ninety-days of the filing of the
18 suggestion of death (filed June 20, 2018), Rexwinkel will be dismissed. Rule 25(a)(1) "does not
19 specify whether the dismissal 'must' be *with prejudice*." *Zanowick v. Baxter Healthcare Corp.*,
20 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis original). The Ninth Circuit has noted, however,
21 that "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not
22 intended to act as a bar to otherwise meritorious actions, and extensions of the period may be
23 liberally granted.'" *Id*. (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)
24 (citation omitted); *United States v. Miller Bros Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974);
25 7C Charles Alan Wright, et. al., Federal Practice and Procedure § 1955 (3d ed. 2017)). Rule 6(b)
26 would govern a late motion to substitute. *Id*. at 1095.

27 In case Plaintiff should obtain information identifying Rexwinkel's executor or
28 administrator after the ninety-day period expires, Rexwinkel's dismissal upon expiration of the

ninety-day time period will be without prejudice. *See id.* (noting that dismissal with prejudice is not mandatory).

### III. CONCLUSION

Plaintiff's opposition to the suggestion of death and motion to substitute (ECF No. 72) is **DENIED WITHOUT PREJUDICE**. Plaintiff has ninety-days from the date of the filing of the suggestion of death (filed June 20, 2018) to file a motion to substitute for Rexwinkel (insofar as she is sued in her individual capacity) that identifies a proper substitute, or Rexwinkel will be dismissed from this action without prejudice.

**IT IS SO ORDERED.**

DATED: August 30, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE