# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD COLLINS, | 3:16-cv-00111-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 86 |
| JOSHUA COLLINS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's "Motion for Court Order, Ordering Defendant Baca to Allow Plaintiff to Review his I-File and STG File" (ECF No. 86). Plaintiff contends this court should order "the defendant [Baca] to allow plaintiff to review his I-file and STG file and have copies made of any documents their (sic) in for use in this case without any documents being removed prior to review." (*Id.* at 2.)

Defendants opposed Plaintiff's motion on various grounds, including that Plaintiff did not pursue an informal attempt at resolving a discovery dispute, that the issues in the current motion were previously addressed by the court and that Plaintiff has available to him methods to informally review NDOC files, at least as to the inmate's I-File (ECF No. 96). Plaintiff's reply memorandum consisted mainly of a terse discussion of the purported merits of his case (ECF No. 99).

It appears to the court that Plaintiff is attempting to by pass the standard discovery process by independently seeking production of information of documents via an order from this court. The proper procedure, which Plaintiff has not done, would be for Plaintiff to serve a Request for Production of Documents under Fed. R. Civ. P. 34 seeking, in this instance, to produce the Plaintiff's "I file" and his "STG file." If the Defendant's [Baca's] response is unsatisfactory to Plaintiff, then the next step would be for Plaintiff to attempt to informally resolve any discovery dispute regarding the requested documents with defense counsel.

Even if Plaintiff did request these documents under a Rule 34 request for production, Plaintiff's motion does not include the required certification of a good faith attempt to meet and confer to resolve this dispute. A motion seeking to compel responses to discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* LR 26-7(c). If that effort is unsuccessful, *then* the Plaintiff would file a motion to compel. Here, Plaintiff has skipped the intermediate steps and has proceeded directly to a motion to compel. The failure of Plaintiff's failure to meet and confer in this instance was fatal to an earlier motion to compel (ECF No. 80) which the court summarily denied in its minute order of July 31, 2018 (ECF No. 81).

Although the court is denying Plaintiff's motion (ECF No. 86), the court will offer a few observations and suggestions regarding the subjects of Plaintiff's motion for the benefit of and consideration by both Plaintiff and Defendants' counsel.

**I.    I-File (Institutional File)**

Defendants' memorandum of points and authorities in opposition to Plaintiff's motion to compel (ECF No. 96) states that Plaintiff has available to him mechanisms provided by NDOC's Administrative Regulation (AR) 568 - "Inmate Review of Departmental Records" - and via NNCC Operational Procedure (OP) 560 - to review his I-File. According to the Declaration of Veronica Meza submitted with Defendants' response, Plaintiff has not submitted a request to review his I-File for the five years preceding August 15, 2018. (ECF No. 96-3 at pp. 2-3.)

Because Plaintiff is housed in an NDOC facility (NNCC) where he has access to review his I-File, he should first avail himself of that opportunity. Plaintiff should complete NDOC form 2022 to seek review of his I-File.

The court notes further that the Meza declaration states that inmates are allowed to review their I-Files "once in a 12-month period," citing AR 568 and OP 560.[1] However, AR 568.06(4) appears to provide an exception to this rule. AR 568.06(4) states that if "unique and special circumstances ... such as viewing the record prior to a ... judicial hearing..." (AR 568.06(4); ECF No. 96-1 at 4) are present, then the inmate would

---

[1] Because the Defendants' opposition did not include a copy of OP 560, the court cannot comment on whether additional time for review of the I-File might be provided under that section.

2

1 be apparently be provided somewhat greater leeway in the time and viewing opportunities afforded the inmate to review his I-File. Because of the pendency of this litigation, the court finds that those "unique and special circumstances" are present in this case.

Although the court has recommended Plaintiff process his request via NDOC form 2022 to review his I-File, in light of the claims in Count IV which were allowed to proceed in this matter by District Judge Miranda M. Du. (ECF No. 8 at 15-20.; ECF No. 19 at 6), it may be advisable for Defendant Baca to consider in advance that Plaintiff's motion constitutes a request by Mr. Collins to review his I-File so that this process may commence sooner rather than later. Counsel and Plaintiff might also wish to discuss, in accordance with AR 568.05(2), whether such "special circumstances" contemplated in that section are present such that in lieu of a personal review of the records that copies might be provided the inmate. The court leaves that option to the parties.

## **II.** **STG File**

In addition to the procedural infirmities discussed above regarding Plaintiff's request to review his I-File (which the court will not reiterate at this point), Plaintiff's request to review his STG's file is somewhat more problematic for the court in light of the legitimate security concerns of NDOC's classification of Plaintiff as an alleged member of a STG. (AR 446; ECF No. 96-2 at 2-7.) However, that being said, the court's Screening Order allowed Plaintiff's colorable due process claims to proceed regarding Plaintiff being held in administrative segregation for over two years without a hearing. The court's Screening Order concluded with regard to the averments in Count IV as follows:

> In Count IV, Plaintiff alleges that he was wrongfully placed into a security threat group ("STG") and that as a result he has been placed into administrative segregation for over two years. (ECF No. 1-2 at 15-23.) Plaintiff alleges that he has requested multiple STG due process classification hearings but Rexwinkle, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad have refused to hold one. (*Id.* at 15-19, 22).
>
> Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*. The Supreme Court held that a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that "imposes atypical and significant hardship on the inmate in

> relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).
>
> When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, nonadversary review of the evidence justifying the decision to segregate the prisoner. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). After the prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement. *See Hewitt*, 459 U.S. at 477 n.9. The Ninth Circuit has held that where the prisoner alleges material differences between the conditions in general population and administrative segregation, the prisoner's procedural due process claim should not be dismissed on the pleadings. *See Jackson v. Carey*, 353 F.3d 750, 755-57 (9th Cir. 2003).
>
> The Court finds that Plaintiff states a colorable due process claim because he has been held in administrative segregation for over two years without a hearing. This claim will proceed against defendants Rexwinkle, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad.

(ECF No. 8 at pp. 15-16.)

While again the court is concerned about the manner in which Plaintiff has requested review of/production of his "STG" file, and while the court is not necessarily concluding Plaintiff's STG file should be made available to Plaintiff in its entirety, it would seem reasonable for Defendant Baca, or one or more of the Defendants sued under Count IV, to make available for review those documents which address or pertain to whether Plaintiff was afforded procedural due process with respect to his classification or assignment to Administrative Segregation as a consequence of his STG classification (the court assumes the Defendants themselves may want to use certain of those materials in their defense at some point in time in this case). The court suggests - but is not requiring - the parties to meet and confer about resolving Plaintiff's access to those components of his STG file which pertain to Plaintiff's administrative segregation or classification as an STG member.

Plaintiff's "Motion for Court Order, Ordering Defendant Baca to Allow Plaintiff to Review his I-File and STG File" (ECF No. 86) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: August 31, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE