# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD COLLINS, | 3:16-cv-00111-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 94 |
| JOSHUA COLLINS, *et al.*, | |
| Defendants. | |

## **BACKGROUND**

Before the court is Plaintiff's Motion to Compel Discovery and Challenge the Defendants Objections (ECF No. 94). Plaintiff contends "defendants refused to answer plaintiff's request for production of documents, and his interrogatories 'without' simply objecting." (*Id.*) Plaintiff's motion attaches four discovery responses by one or more of the Defendants to which Plaintiff apparently takes exception:

1. Defendants Response to Plaintiff's Request for Production of Documents [Set One] (Plaintiff's Exhibit A - ECF No. 94 at pp 9-20);

2. Defendant Mar's Response to Plaintiff's Interrogatories [Set One] (Plaintiff's Exhibit B - ECF No. 94 at pp. 21-33);

3. Defendant Baca's Response to Plaintiff's Interrogatories [Set One] (Plaintiff's Exhibit C - ECF No. 94 at pp. 34-41); and

4. Defendant Hightower's Response to Plaintiff's Interrogatories [Set One] (Plaintiff's Exhibit E, ECF No. 94 at pp.. 45-51).

///

Without identifying exactly which of the specific discovery responses contained within Exhibits A, B, C and E were objectionable, Plaintiff "requests a hearing to Orally Argue This Motion to Compel and Order defendants to immediately produce the requested documents relevant to this case." (ECF No. 94 at 7.)

Defendants opposed Plaintiff's motion stating "Plaintiff has failed to attach a declaration to his Motion to Compel detailing the meet-and-confer efforts. Plaintiff including a statements (sic) that he attaches 'letters to counsel never responded to as Exhibit I as his complete statement regarding a meet and confer and/or good faith attempt to resolve with defense counsel." (ECF No. 105 at 2.)

Plaintiff's reply memorandum contends "an exchange of letters in inmate cases 'satisfies' the meet and confer provision of Fed. R. Civ. P. 37(a)." (ECF No. 112 at 2.) There was, however, as best as the court can ascertain, no "exchange" of letters - only a series of letters from Plaintiff to defense counsel expressing his demand for unequivocal answers to discovery. (Plaintiff's Exhibit I, ECF No. 94 at pp. 63-68.)

## DISCUSSION

Plaintiff's motion does not include a satisfactory certification of Plaintiff's good faith attempt to meet and confer to try to resolve the discovery dispute, and if that is not successful, to at least attempt to narrow the discovery dispute(s) without the need for court intervention, which is integral to the "meet-and-confer" definition in the Court's Local Rules (IA 1-3(f). A party who files a motion to compel must file a declaration detailing "all meet-and-confer efforts, including the *time, place, manner and participants*. (*Id.*; emphasis added). Plaintiff's motion attaches certain letters he wrote to Defendants' counsel (Exhibit I) but these letters do not reflect a meeting of the parties or an exchange of proposals, mainly because it appears Plaintiff's certification consisted solely of his one-sided demands. This same requirement of mutually attempting to resolve a discovery dispute is found in Fed. R. Civ. P. 37(a) and LR 26-7(c). A demand letter to opposing counsel does not qualify as a satisfactory attempt at resolving a discovery dispute.

While Plaintiff's motion attached copies certain of the Defendants' discovery responses, Plaintiff fails to identify the *specific* response contained in the responses to which he objects. Rule 26-7(c) requires the movant's motion to be accompanied by a declaration "setting forth the *details* of the meet-

and-confer conference about *each* disputed discovery request." (Emphasis added.) It is apparent from a review of Exhibits A, B, C and E that Plaintiff merely submits the entire discovery response and demands the court intervene as to the responses. Defendants' counsel represents the parties did not confer about certain aspects of Plaintiff's discover demands until August 16, 2018, which is some two weeks after the last letter Plaintiff attaches in support of his motion to compel (*See*, Defendants' Opposition, ECF No. 105 at pp. 2-3; Plaintiff's Motion to Compel, Exhibit I, ECF No. 94 at 63-68.)

Plaintiff's Reply Memorandum cites to the District Court's decision in *Bailey v. Suey*, for the proposition that an exchange of letters may satisfy the meet-and-confer obligation where the Plaintiff is an inmate. Plaintiff provides a citation of 2014 WL 5342574 for the *Bailey* case. Plaintiff's Westlaw Citation takes one to a case named *PGA West Residential Association, Inc. v. Mork,* a California Court of Appeals decision unrelated to discovery disputes. The court was able to locate the decision by Magistrate Judge Hoffman in *Bailey v.* Suey on the court's docket at 2:12-cv-01954-JCM-CWH (ECF No. 122, 10/20/2014), which the court assumes is the decision to which Plaintiff was referring. However, the Order by Magistrate Judge Hoffman provides no support for Plaintiff's contention he satisfied the meet-and-confer requirements of Rule 26-7 either today or in its current iteration under the Rule's format in 2014 by simply writing letters to defense counsel. While an "exchange" of letters might satisfy the Rules' requirements, a unilateral demand letter (or series of letters) will not.

Judge Hoffman's conclusions in *Bailey* provide no assistance to Plaintiff's argument and are consistent with those embraced by this court in this Order:

> "The Court agrees with Defendants. Plaintiff's motion is both procedurally and substantively flawed and will be denied. Plaintiff is a frequent litigator and is well aware that, though proceeding pro se, he is not relieved from complying with all applicable rules. Courts broadly construe pleadings filed by pro se litigants, but even pro se litigants must comply with the Federal Rules of Civil Procedure. See e.g. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Pro se litigants are not treated more favorable than parties with attorneys of record, and are expected to abide by the rules of the court in which the litigation proceeds. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)."
>
> "A party seeking to compel disclosures or discovery must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules require a moving party to personally consult with the person or party failing to make disclosure or discovery prior to bringing any discovery

motion. Local Rule 26-7(b). Both the meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes. Compliance is required 'to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes.' *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation 'promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought.' *Id.* In order to serve its purpose, parties must 'treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes.'

"The undersigned is mindful that Plaintiff is incarcerated, which necessarily limits the potential formats for accomplishment of the consultation process. However, it does not eliminate the requirement that it be satisfied. In the normal case, the Court would expect the parties to meet and confer either in person or telephonically prior to the motion being filed. It has long been true that, absent compelling circumstances, the mere exchange of letters has long been seen as insufficient to satisfy the "personal consultation" requirement. *See e.g., Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989). Normally, the exchange of letters is an 'inadequate means' through which counsel may attempt to confer. However, where one of the parties is a prisoner, as here, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters. There is nothing to suggest that Plaintiff satisfied the conferral requirement prior to filing this motion and, consequently, the motion is denied for failure to comply with the requirements of Rule 37(a)(1) and Local Rule 26-7(b)."

(Order, ECF No. 122 at pp 2-3.)

Again, Judge Hoffman's decision does not allow Plaintiff to circumvent the meet-and-confer requirements of the Federal and Local Rules by means of unilateral demand letters to counsel. Judge Hoffman's order permitted an exchange of letters discussing the parties' position to satisfy the meet-and-confer requirements where the Plaintiff is an inmate. As in *Bailey*, however, there is nothing in the record of this case Plaintiff satisfied the "*conferral* requirement prior to filing [plaintiff's] motion." More importantly, Plaintiff's failure to comply with the rule requiring the moving party to provide a declaration "setting forth the *details* of the meet-and-confer conference about *each* disputed discovery request" (LR 26-7(c)) is fatal to Plaintiff's motion.

///

///

///

4

**CONCLUSION**

Plaintiff's Motion to Compel Discovery and Challenge the Defendants Objections (ECF No. 94) is **DENIED** without prejudice. Plaintiff is again reminded that if elects to renew his motion, it must comply with the Federal Rules of Civil Procedure and the Local Rules of this court.

DATED: September 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE