UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD COLLINS,                )    3:16-cv-00111-MMD-WGC
                               )
        Plaintiff,              )    **ORDER**
                               )
    vs.                        )    Re: ECF No. 107
                               )
JOSHUA COLLINS, *et al.*,       )
                               )
        Defendants.            )
_____)

Before the court is Plaintiff's Motion for Order Ordering Claims Three and Four Admitted for Defendants Failure to Deny (ECF No. 107).

**BACKGROUND**

Plaintiff contends that Defendants' Answer (ECF No. 44) failed to address or "did not answer claims three or four" of his Amended Complaint. (ECF No. 2.)[1]

Defendants have opposed Plaintiff's motion, stating their answer filed on February 12, 2018, "den[ied] all claims . . . ." Defendants state Plaintiff is "confused as he is claiming that Defendants' Answer to the Amended Complaint does not reference Counts III and IV. Which is incorrect and correct all at the same time. Defendants clearly state that there is no Count III in Plaintiff's Amended Complaint (*Id.* at 12:26). Plaintiff's Amended Complaint also does not have a section divided into a Count IV (ECF No. 20)." (ECF No. 119 at 2.)

///

---

[1] Plaintiff's motion (ECF No. 107 at 1) identifies his Amended Complaint as Docket #11. Docket #11 is Plaintiff's motion to file a "longer than normal Amended Complaint." The court granted Plaintiff's motion to file excess pages and directed the Clerk to file the Amended Complaint. (ECF No. 19.) The Amended Complaint was then docketed as ECF No. 20.

Plaintiff replies by making reference to his Amended Complaint (ECF No. 20) which he contends asserted separate counts identified as "Claim 3 and 4 pled separately." (ECF No. 120 at 2.) Plaintiff attaches excerpts of his Amended Complaint asserting what is titled "Count III" and "Count IIII." (*Id.* at 10, 11.)

## DISCUSSION

The court has difficulty following Defendants' argument that "there is no Count III in Plaintiff's Amended Complaint" and that the Amended Complaint "also does not have a section divided into a Count IV," citing ECF No. 20 (ECF No. 119 at 2). While there is no Count III or Count IV in Docket No. 20 itself, there are two additional counts, one in Docket No. 20-1, "Count III" at ECF No. 20-1, pp. 1-22; and "Count IIII" at ECF No. 20-2, pp. 1-17.

Defendants further state that "Plaintiff's confusion may stem from the differentiation made in the Amended Screening Order that specifies and separates out claims and/or counts. However, Defendants do not answer and/or oppose what is stated within Screening Orders as that is not the proper procedure." (ECF No. 119 at 2.)[2]

While Defendants are correct a party does not "answer" a Screening Order, in this matter the Screening Order made reference to these particular counts which appeared in Plaintiff's proposed Amended Complaint. The court (twice) stated Counts III and IV were being allowed to proceed:

> In addition to the deliberate indifference claim discussed above, the Court refers back to and adopts the analysis in the prior screening order (ECF No. 8), and will allow Plaintiff to proceed on the following: (1) Count I First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Collins; (2) Count II Eighth Amendment excessive force claim against Defendant Hightower; (3) **Count III** Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Gedney, Marr, and Aranas; and (4) **Count IV** Fourteenth Amendment due process claim against Defendants Rexwinkle, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad. (*See* ECF No. 8 at 18-20.) * * *

(ECF No. 19, p. 6 at ll. 15-19; emphasis added.)

///
///

---

[2] There was no "Amended Screening Order." There was a Screening Order on the Amended Complaint (ECF No. 19) but no Amended Screening Order.

The component of the Screening Order titled "Conclusion" (Paragraph V) stated in pertinent part with regard to Counts III and IV as follows:

> It is further ordered that **Count III**, alleging deliberate indifference related to a growth on Plaintiff's hand, will proceed against Defendants Gedney, Marr, and Aranas.
>
> It is further ordered that **Count III**, alleging deliberate indifference related to treatment of Plaintiff's back, will proceed against Defendants Gedney, Marr, and Aranas.
>
> It is further ordered that **Count IV**, alleging due process violations, will proceed against Defendants Rexwinkle, LeGrand, McDaniel, Keith, Baca, Deal, Walsh, Irvin, Foster, and Skulstad.

(ECF No. 19, p. 7 at ll. 19-25; emphasis added.)

It would appear that rather than Plaintiff being mistaken, it would be the Defendants who have apparently overlooked the allegations which were permitted by the court to proceed (ECF No. 19 at pp.6-7) and which were a component of Plaintiff's Amended Complaint at ECF No. 20-1 (Count III) and ECF No. 20-2 (Count IV).

Defendants shall have to and including **Tuesday, September 25, 2018**, to supplement their opposition (ECF No. 119) to explain this apparent oversight.

DATED: September 18, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3