# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD COLLINS, | Case No.: 3:16-cv-00111-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 161, 162, 199 |
| JOSHUA COLLINS, | |
| Defendants | |

Before the court is an objection and motion to strike filed by Plaintiff where Plaintiff seeks to strike the first four pages of Exhibit C filed in support of Defendants' response to Plaintiff's motion for summary judgment as to Count IV and their counter-motion to dismiss. (ECF Nos. 161, 162.)[1] Defendants filed a response to the motion to strike. (ECF No. 166.) Plaintiff filed a reply. (ECF No. 169.) Defendants also filed another response to both the objection and motion to strike asserting the same arguments as their prior response. (ECF No. 173.) Plaintiff filed a reply. (ECF No. 177.)

Plaintiff filed several supplements related to Count IV and the STG classification documents. Defendants moved to strike one of those supplements in ECF No. 199. Plaintiff filed a response to ECF No. 199 in ECF No. 204. Defendants did not file a reply brief.

## **I. BACKGROUND**

Count IV asserts a due process claim against LeGrand, McDaniel, Baca, Keith Deal, Walsh, Irvin, Foster, and Skulstad based on allegations Plaintiff was wrongfully placed into a security threat group (STG). As a result, Plaintiff claims he was in administrative segregation for

---

[1] These documents are identical but were docketed separately.

two years, and these defendants refused to hold a classification hearing on his STG status despite his requests.

Plaintiff filed a motion to compel on September 17, 2018, which sought, among other things, his classification results forms from 2000 to the present. (ECF No. 121 at 5.)

Plaintiff filed his motion for summary judgment as to Count IV just over a week later, on September 25, 2018. (ECF No. 126.)

Defendants filed their response to the motion to compel on October 1, 2018. (ECF No. 135.) They noted that in their response to this request for production they objected and then stated they would produce the forms from 2014 to 2018 to the warden's office, and Plaintiff could kite to review them. (*Id.* at 4.) The court set the motion for a hearing on October 25, 2018.

Defendants filed a motion to extend the time to file their response to Plaintiff's motion for summary judgment as to Count IV on October 16, 2018. (ECF No. 147.) The court gave Defendants 10 days after the October 25, 2018 hearing to file their response. (ECF No. 149.)

At the October 25, 2018 hearing, the court granted Plaintiff's motion with respect to the request for production for the STG classification forms and required Defendants to supplement their response. Defendants were also ordered to advise Plaintiff and the warden's office when the supplement would be available and coordinate a date for Plaintiff to review the records so that he could mark the pages he wanted to have copied to attach them to his filings. (ECF No. 155 at 4.) Defendants were to submit a memorandum by November 16, 2018, explaining the documents that would be produced and the arrangements made for Plaintiff to review the records. (*Id.*)

Defendants filed their response to Plaintiff's motion for summary judgment on Count IV, and counter-motion to dismiss on November 5, 2018, attaching administrative segregation classification results forms from 2013 to 2015 as Exhibit C. (ECF No. 158-3.)

On November 6, 2018, Plaintiff filed a supplemental exhibit to his motion for summary judgment on Count IV, containing 38 pages of administrative segregation classification review results forms that he did not have when he filed his motion because Defendants did not produce them. (ECF No. 159.)

On November 8, 2018, Plaintiff filed this objection and motion to strike the first four pages of Defendants' Exhibit C. (ECF Nos. 161, 162.) Plaintiff argues that these pages (Plaintiff's administrative segregation classification results notices from January 25, 2013, February 21, 2013, March 21, 2013, and April 26, 2013) should be stricken under Federal Rule of Civil procedure 37(c) because Defendants failed to produce these documents to him during discovery.

Defendants argue that Federal Rule of Civil Procedure 12(f) does not countenance striking any filing other than a pleading. In addition, Defendants assert that the pages of Exhibit C that Plaintiff seeks to strike were ordered to be produced at an October 25, 2018 hearing. They argue that the motion to strike is moot as Defendants were supplementing their production according to the court's order on the day they filed their response.

In his reply, Plaintiff states that he requested all of his classification review forms from 2000 to the present, but Defendants only produced some, starting in 2014, to the NNCC legal library, which Plaintiff used in his supplemental exhibit (ECF No. 159). He did not have the pages he now seeks to strike, and contends Defendants should not be able to use them since they were not timely produced.

Since that time, Plaintiff has filed several more supplements concerning the STG classification documents and allegations of Count IV. (ECF Nos. 179, 198, 205, 220, 222, 223.)

Defendants have moved to strike his supplement at ECF No. 179 in ECF No. 199.

Defendants motion to strike asserts that this is a fugitive filing made after briefing has closed and without leave of court. Plaintiff asserts that he filed the supplements because he had not originally received these relevant documents that Defendants were ordered to produce in discovery. Defendants do not address this argument.

At a hearing on January 4, 2019, Plaintiff again argued that he had not received classification documents from 2014 to 2016 despite the court's order. Deputy Attorney General Zana argued that they were produced in a supplement. Plaintiff claimed he did not receive all of the documents for review. As a result, the court directed Deputy Attorney General Zana to ensure Plaintiff had an opportunity and sufficient time to review *all* of the documents. (ECF No. 224.) The court also ordered Deputy Attorney General Zana to provide Plaintiff and the court with a copy of the CD from Plaintiff's eventual STG hearing. (*Id.*)

In his filings on January 8, 2019, Plaintiff indicated that Deputy Attorney General Zana faxed 56 pages of STG classification forms to Plaintiff in care of NNCC's legal library on January 4, 2019. As a result, he filed additional supplements to his motion to reflect the documents he did not previously have, including the classification results notices from 2014 to 2017. (ECF Nos. 222, 223.)

On January 17, 2019, Defendants filed a notice indicating that the law library was directed to give Plaintiff the necessary time to review his classification documents, and Plaintiff did review them. (ECF No. 227 at 2.) He was also given a copy of the STG hearing CD. (*Id.*)

## II. DISCUSSION

**A. Plaintiff's Motion to Strike (ECF No. 162)**

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize

4

the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket *as a sanction for litigation conduct*." *Ready*, 627 F.3d at 404 (citations omitted) (emphasis added); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion unless the failure was substantially justified or harmless. The rule refers to this as a sanction, and states that the court may also impose other appropriate sanctions, including those listed in Rule 37(b)(2)(A)(i)-(vi). Rule 26(e) requires a party to supplement a response as ordered by the court.

Here, Defendants used documents as an exhibit to their response to Plaintiff's motion and their counter-motion that the court ordered to be produced in a supplement to a request for production of documents. Rule 37(c) might justify an order striking those exhibits under certain circumstances. The wrinkle here, however, is that Defendants technically had until November 16, 2018 to supplement their response, but they filed their response/counter-motion utilizing the documents on November 5, 2018 (before they had given Plaintiff an opportunity to review the documents). In addition, the documents were eventually produced to Plaintiff and Plaintiff has

5

had an opportunity to review them and has submitted several supplements to his filings that address these documents. Therefore, the court will not strike the documents under Rule 37(c).

**B. Defendants' Motion to Strike (ECF No. 199)**

Under Local Rule 7-2, supplemental briefing is prohibited unless a party obtains leave of court, and a supplemental filing made without leave of court may be stricken. LR 7-2(g).

Plaintiff should have sought leave of court before filing his supplemental briefing. The court will not strike the supplement this time because of the unique circumstances surrounding the filing of the supplement. The reason Plaintiff had to supplement his briefing was because Defendants did not produce the documents in discovery, and Plaintiff was forced to seek an order compelling the production of the documents. Even then, Plaintiff did not get all of the documents promised, and the court had to order defense counsel to ensure the documents were provided and that Plaintiff was given sufficient time to review them. This was over two months after the court ordered Defendants to produce the documents to Plaintiff.

For these reasons, Defendants motion to strike Plaintiff's supplement (ECF No. 199) is denied.

In the future, Plaintiff should adhere to Local Rule 7-2(g)'s requirement that leave of court must be obtained before filing supplemental briefing. A failure to follow the rule may result in supplemental briefing being stricken.

### III. CONCLUSION

Plaintiff's motion (ECF No. 162) is **DENIED** and his objection (ECF No. 161) is **OVERRULED**.

Defendants' motion to strike Plaintiff's supplement (ECF Nos. 199) is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 26, 2019

William G. Cobb
United States Magistrate Judge