# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RONALD COLLINS,

    Plaintiff

v.

JOSHUA COLLINS, et. al.

    Defendants

Case No.: 3:16-cv-00111-MMD-WGC

**Order**

Re: ECF Nos. 210, 211, 212, 213

Before the court are four motions to strike filed by Defendants. (ECF Nos. 210, 211, 212, 213.) Defendants seek to strike Plaintiff's declaration and exhibits filed at ECF Nos. 195, 196, 197, 198. Plaintiff filed a response to each of the motions to strike. (ECF Nos. 215, 216, 217, 218.) Defendants did not file reply briefs.

Preliminarily, the court points out that Defendants' argument directly contradicts the argument made in their response to Plaintiff's own motion to strike. There, Defendants fervently argue that a motion to strike only applies to a pleading and since Plaintiff did not seek to strike a pleading, the court could not grant him the relief he sought. (*See* ECF No. 166.) Here, in their own motions to strike, Defendants casually acknowledge that Rule 12 applies to pleadings, but then argue that courts have stricken documents other than pleadings. So it is clear in the future, this is the court's position on motions to strike:

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v.*

*AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

In fact, specific local rules authorize the court to strike filings other than pleadings. *See e.g.* LR 7-2(g) ("The judge may strike supplemental filings made without leave of court.").

Next, Defendants argue that Plaintiff's filings, which Plaintiff describes as declarations and exhibits supporting claims one to four, are standalone filings without points and authorities not attached to any motion and are not part of any briefing cycle. Defendants call the filings fugitive documents unauthorized by any court order or rule. This argument is disingenuous.

Defendants filed their motion for partial summary judgment on November 29, 2018. (ECF No. 181.) On December 3, 2018, Plaintiff filed a motion for an extension of time to file his response. (ECF No. 187.) The court granted his motion, and gave him until January 25, 2019 to file his response. (ECF No. 189.) Despite having until January 25, 2019, Plaintiff filed his response to the motion on December 11, 2018. (ECF No. 193.) That *very same day* he filed ECF Nos. 195-198—the declarations and exhibits Defendants seek to strike. The very first page of each of Plaintiff's filings states that because of the high volume of exhibits in this case, Plaintiff filed the declarations and exhibits in support of each claim separately so as not to create

confusion among the claims. It is abundantly clear that these declarations and exhibits are filed in connection with his response to their motion for partial summary judgment.

A motion for summary judgment is limited to 30 pages, but this is *exclusive of exhibits*; therefore, Local Rule 7-3(a) would not prohibit Plaintiff's filing of the exhibits and declarations. General Order No. 2012-01 permanently adopted a program for the electronic submission of documents in prisoner section 1983 actions. This is currently in operation at NNCC and LCC. Plaintiff is housed at NNCC. The program enables NNCC staff to scan to PDF and email the court all documents presented by prisoners for filing with the court in section 1983 cases. The court receives and files the prisoner's documents electronically into CM/ECF.

LR IC 2-2 provides that all filed documents with exhibits or attachments must not be filed as part of the base document and must be attached as separate files. LR IC 2-2(3)(A). Typically, an electronically filed document such as a declaration, must be linked to the document to which it pertains in the electronic filing system. LR IC 2-2(d). For example, the exhibits filed along with Defendants' motion for summary judgment (ECF No. 181) are linked as ECF No. 181-1, etc. In the case of prisoners that are electronically filing documents through General Order 2012-01, the NNCC law librarian scans the document received from the inmate and it is emailed to the court and the docket clerk (not the inmate or law librarian) will docket the document on CM/ECF. Here, the declarations and exhibits in ECF Nos. 195-198 were not linked to Plaintiff's response to the motion for partial summary judgment; however, this is because Plaintiff made them separate groupings due to their size, and so they were docketed into CM/ECF as separate documents instead of linked documents. This is not Plaintiff's shortcoming, but simply how the system operates, which the court views overall as providing a significant benefit to the court, the inmate, the prison, as well as the Attorney General's Office.

Finally, Defendants argue that if Plaintiff was attempting to file a sur-reply, the document is untimely and sought without leave. It is unclear how Plaintiff could be filing a sur-reply when the documents were filed on the same date as his response to their motion for partial summary judgment, and when Defendants had not yet filed their reply brief.

For these reasons, Defendants' motions to strike (ECF Nos. 210, 211, 212, 213) are **DENIED**.

**IT IS SO ORDERED**.

Dated: April 26, 2019

_____
William G. Cobb
United States Magistrate Judge