UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD COLLINS,

Plaintiff,

v.

JOSHUA COLLINS, *et al.*,

Defendants.

Case No. 3:16-cv-00111-MMD-WGC

ORDER

## I. INTRODUCTION

This order addresses Plaintiff Ronald Collins' pending objections to United States Magistrate Judge William G. Cobb's rulings on pretrial issues. Because Plaintiff filed replies in support of his objections in violation of LR IB 3-1(a), and the Court moreover finds these replies to be unnecessary given the opportunities Plaintiff has had to brief these issues, the Court will strike these reply briefs. (ECF Nos. 140, 171, 230.) *See* LR IB 3-1(a) ("Replies [in support of objections] will be allowed only with leave of court.")

## II. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding of fact is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011) (citation and quotation marks omitted). But a magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not

simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

The Court addresses Plaintiff's currently pending objections to Judge Cobb's decisions in chronological order.

### A. ECF No. 117

Plaintiff objects to Judge Cobb's denial of his motion for pictures of the food slot door "to be taken at scale" (ECF No 106) and Judge Cobb's subsequent denial of his motion for reconsideration (ECF No. 113). (ECF No. 117.) The gist of this discovery dispute is Plaintiff's request for pictures of the food slot located at Unit 7b cell 31 where Plaintiff's arm was allegedly injured by Defendant Collins. (ECF No 85 at 2.) Defendants respond that they cannot allow Plaintiffs to take pictures in the area of the housing unit for safety and security reasons, but offered four pictures taken of the requested area. (ECF No. 95.) In his reply in support of his motion, Plaintiff claimed that Defendants' counsel in an August 16, 2018 call (the day after Defendants filed their response (ECF No. 95) agreed to permit Plaintiff to take 2 pictures of him "at the cell door to show the court and the jury in this case how the low food slot door is located off the floor." (ECF No. 101 at 2.) Judge Cobb agreed with Defendants and denied Plaintiff's motion, finding that the four photos provided are sufficient. (ECF No. 106.)

Plaintiff then moved for reconsideration, arguing that he needed 2 pictures to be taken to scale for him to demonstrate that "with the cell food slot being two foot off the floor (ground) it would be almost impossible for Plaintiff to have haven attempting to grab Defendant Collins' keys as he had claimed." (ECF No. 111 at 2.) Plaintiff also challenges Defendants' claim of security threats in taking Plaintiff to the unit cell to take pictures. (*Id.* at 4.) Judge Cobb denied that motion, finding "the pictures that Defendants produced (ECF No. 95) adequately depict the location of the food slot in relation to the cell door." (ECF No. 113 at 1.)

Plaintiff cannot show that Judge Cobb was clearly erroneous in his finding. Indeed, the pictures provided (ECF No. 95-1) sufficiently depict the location of the food slot door in relation to the floor. The Court therefore overrules Plaintiff's objection. (ECF No. 117.)

Defendants' motion for extension of time to respond to Plaintiff's objection (ECF No. 124) is granted *nunc pro tunc*. However, the Court notes that Defendants did not file a response.

### B.     ECF No. 125

Plaintiff contends that Judge Cobb has refused to assist him in obtaining needed documents or in allowing him to review files in Defendants' possession, including refusing to recognize that he satisfied the meet and confer requirement by sending letters to Defendants' counsel pursuant to LR IA 1-3(f). (ECF No. 125.) Defendants respond by reiterating Plaintiff's failure to comply with the local rules and failure to follow Judge Cobb's instructions on what Plaintiff needed to do to renew his motion to compel. (ECF No. 137.)

Judge Cobb had found that Plaintiff did not satisfy the meet and confer requirement when he sent what was essentially a demand letter and did not receive a response. (ECF No. 123 at 2-3.) LR IA 1-3(f)(1) excepts from the meet and confer requirement of "face-to-face [conversation] or via telephone or via video conference" cases where an incarcerated individual like Plaintiff is appearing *pro se*. However, Plaintiff is still required to "meet and confer" which "means to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). Judge Cobb did not clearly err in finding that Plaintiff's letter did not satisfy this meet and confer requirement.

Judge Cobb further found that Plaintiff's request for the entire grievance file for him to identify what is relevant so he would not have to rely on defense counsel's determination as to what is relevant is unreasonable. In particular, Judge Cobb reminded Plaintiff that he should follow Judge Cobb's guidance when he denied Plaintiff's initial motion to compel—that Plaintiff "defer requesting a court order to review his grievance file until he has a print out of all his grievances and compares that with the grievances Defendants are providing him in discovery." (ECF No. 123 at 2.) Instead of complying with Judge

Cobb's instructions, Plaintiff filed his objection. The Court finds that Judge Cobb's ruling was not clearly erroneous and overrules Plaintiffs objection.

### C. ECF Nos. 154 and 156

Plaintiff's motion to withdraw and strike his objection (ECF No. 156), which Defendants do not oppose (ECF No. 160), is granted. Plaintiff's objection (ECF No. 154) will be stricken.

### D. ECF No. 157

Plaintiff objects to Judge Cobb's decision to deny his motion to deem Defendants to have admitted to claims three and four and to grant Defendants' motion to amend their answer to respond to these two claims.[1] (ECF No. 157.) Plaintiff challenges Judge Cobb's finding that Defendants had good cause for the delay in not responding to these claims when they had a year to file their answer, and that Plaintiff would not be prejudiced by the delay. (*Id.* at 2-5.) Plaintiff also reiterated his argument that Defendants had been aware of these two claims for over a year when they responded to his motion for injunctive relief. (ECF No. 154 at 2; ECF No. 157 at 2.) However, Judge Cobb noted Defendants' counsel's explanation that "the oversight was an inadvertent clerical error and the full complete answer she intended to file was not filed for unknown reasons." (ECF No. 155 at 2.) Regardless, Judge Cobb found that even though Defendants "did not formally respond to plaintiff's claims 3 & 4, it appears that consistently throughout this litigation counts III and IV have been defended." (*Id.*) Plaintiff has not demonstrated that Judge Cobb made a clear error in granting Defendants leave to amend their answer. Thus, his objection is overruled.

Plaintiff also objected to Judge Cobb's denial of his motion to compel discovery responses. (ECF No. 157 at 5-7.) In particular, he argues that Judge Cobb committed clear error in not compelling production of documents in response to his "request for production of documents (set one) ECF No. 121 Exhibit F" ("Document Requests"). (*Id.* at

---

[1] Plaintiff included an objection to Judge Cobb's denial of his motion to compel discovery (ECF No. 157 at 5-7).

4

6.) Plaintiff asserts that request no. 1 asks for his "Doc 2020 Classification result forms from 2000 to present 2018[,]" while "request no 2-through 16 requested documents tape recordings." (*Id.*) Defendants' response argues that Judge Cobb overruled their opposition to Plaintiff's failure to follow procedural requirements and directed Defendants to respond to a majority of the Document Requests. (ECF No. 164 at 7.)

Judge Cobb did not deny Plaintiff's Document Requests as he contends in his objection. Plaintiff's motion to compel addressed only the following 9 of the requests in his Document Requests and not the full list of Document Requests as Plaintiff now asserts in his objection: nos. 1, 2, 3, 5, 6, 7, 8, 11, and 16. (ECF No. 121 at 5-12.) Judge Cobb granted Plaintiff's motion to compel, and directed Defendants to provide supplemental responses to 7 of the 9 disputed requests: nos. 1, 2, 3, 6, 7, 11, 16 (and one—request no. 8—was denied moot based on Plaintiff's voluntary withdrawal of his motion as to this request). (ECF No. 155 at 4-5.) Thus, Plaintiff's objection has no merit and is overruled.

### E. ECF NO. 228

Plaintiff asserts that he objects to Judge Cobb's "report and recommendation" as to two discovery disputes. Because Plaintiff's objection challenges Judge Cobb's decision, not his "report and recommendation," the Court will consider Plaintiff's objection under LR IB 3-1. The Court will address the two issues raised in Plaintiff's objection.

First, Plaintiff argues that Judge Cobb should have granted his request for an adverse inference instruction, contending that Defendants have destroyed documents that they were required to save. (ECF No. 228 at 4.) Plaintiff insists that Defendants' response to request no. 11 of the Document Requests that "no video or paperwork can be located regarding Plaintiff's claim two" is contrary to Defendant Baca's response to his grievance indicating that "he had reviewed the staff reports." (*Id.* at 2-3.) Judge Cobb asked Defendants' counsel to verify that no investigative reports exist and confirm in a supplemental response to Plaintiff's request no. 11, but found there was no basis to impose an adverse inference instruction against Defendant Hightower. (ECF No. 224 at

5

5.) Plaintiff has not demonstrated how this ruling is clearly erroneous since there is no evidence that Defendant Hightower destroyed or failed to retain evidence.

Second, Plaintiff argues that Judge Cobb should not have permitted Defendants to offer only what Defendants contend is the relevant portion of a video ("Copy") in support of summary judgment, and instead should have directed production of the complete video. (ECF No. 228 at 4-5.) Judge Cobb has ascertained that the original video could not be downloaded but was copied, and that the Copy contains footage from the relevant time frame, and ordered Defendants to provide a declaration from the person who made the Copy—the Warden's secretary—to explain "what steps she undertook to copy the video from the computer playing the original video footage and whether the copy of the video depicts the same events captured on the original video footage." (ECF No. 224 at 4.) Judge Cobb additionally directed that a revised video be submitted to include the time before 12:22 p.m. and after 12:42 p.m., which is the timeframe provided by Officer Collins in his report, and that the Warden or Associate Warden verified the Copy with the original video to ensure there isn't any missing footage. (*Id.*) Given these inquiries and directives from Judge Cobb to address the issue of whether the Copy accurately reflects the original video on a computer that could not be downloaded, Plaintiff has not demonstrated that Judge Cobb's decision is clearly erroneous.

## IV. CONCLUSION

In sum, the Court overrules Plaintiff's objections (ECF Nos. 117, 125, 157, 228). The Court will strike the reply briefs related to these objections (ECF Nos. 171, 140, 230).

Plaintiff's motion to withdraw and strike his objection (ECF No. 156) is granted. Plaintiff's objection (ECF No. 154) will be stricken.

///

///

///

///

///

6

Defendants' motion for extension of time to respond to Plaintiff's objection (ECF No. 124) is granted *nunc pro tunc*.

DATED THIS 17th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE