1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                    * * *

6   RONALD COLLINS,                          Case No. 3:16-cv-00111-MMD-WGC

7                          Plaintiff,             ORDER
        v.
8
    JOSHUA COLLINS, *et al.*,
9
                         Defendants.
10

11  **I.    INTRODUCTION**

12          *Pro se* Plaintiff Ronald Collins, currently incarcerated and in the custody of the

13  Nevada Department of Corrections ("NDOC"), alleges violations of his constitutional rights

14  under 42 U.S.C. § 1983 against correctional facility employees and officials. Before the

15  Court are two Reports and Recommendations ("R&Rs" or "Recommendations") of United

16  States Magistrate Judge William G. Cobb (ECF Nos. 235 ("First R&R"), 237 ("Second

17  R&R)). Both parties filed objections to Judge Cobb's Recommendations.[1] (ECF Nos. 236,

18  238 (objecting to ECF No. 235); 239, 243 (objecting to ECF No. 237).) As further explained

19  below, the Court will overrule the parties' objections to Judge Cobb's R&Rs because the

20  Court agrees with Judge Cobb's careful analysis of the underlying motions, and will fully

21  adopt the R&Rs.

22  **II.   BACKGROUND**

23          The Court incorporates by reference Judge Cobb's recitation of the factual

24  background of this case (ECF Nos. 235 at 2-4, 237 at 2-3, 9-16, 18, 20-28), and does not

25  recite it here. As relevant to the objections, Judge Cobb issued two R&Rs on three

26  underlying motions: Plaintiff's motion for summary judgment on his Count IV alleging a

27

28          [1]The Court also reviewed the responses each party filed to the other party's
    objections. (ECF Nos. 240, 241, 245, 246.)

due process violation based on his classification as a member of a white supremacist gang without a hearing (ECF No. 126); Defendants' counter-motion to dismiss Count IV on statute of limitations grounds (ECF No. 158);[2] and Defendants' motion for partial summary judgment (ECF No. 181) on various grounds, primarily directed at Plaintiff's excessive force and retaliation claims against Defendant Joshua Collins in Count I, and his Eighth Amendment deliberate indifference to serious medical needs claim in Count III regarding a bump on his left hand. Judge Cobb addressed the parties' arguments regarding the statute of limitations and Plaintiff's Count IV (alleging due process violations) in the First R&R (ECF No. 235), and the remainder of the arguments in the Second R&R (ECF No. 237).

### A.    First R&R

Judge Cobb made several key decisions in the First R&R the Court will briefly summarize here. First, he found the applicable statute of limitations did not bar Plaintiff's due process claim to the extent it is based on NDOC's March 2, 2012 classification of Plaintiff as a member of a white supremacist Security Threat Group ("STG"), which Judge Cobb determined was a separate, discrete act for statute of limitations purposes. (ECF No. 235 at 22-23.) However, Judge Cobb found that Plaintiff's due process claim would be time barred to the extent it was based on him becoming aware of his STG classification on December 19, 2008. (*Id.* at 21, 23.) Therefore, Judge Cobb found Plaintiff's due process claim could proceed—but not against Defendants LeGrand and McDaniel, who were only implicated in this case through a grievance Plaintiff filed in 2011. (*Id.* at 23.)

Judge Cobb went on to find that Plaintiff had a valid due process claim based on the fact that he did not receive a STG due process hearing until March 30, 2016, after he filed this lawsuit—meaning he was kept in administrative segregation for years, while he may have been allowed to live in general population without the STG designation—and then analyzed whether summary judgment should be granted or denied as to individual

---

[2]This document is also Defendants' response to Plaintiff's motion for summary judgment (ECF No. 126).

1  Defendants. (*Id.* at 26, 24-31.) Following this analysis, Judge Cobb recommended that

2  Plaintiff's due process claim should proceed against Defendants Baca, Irvin, and Walsh

3  because they ignored or denied Plaintiff's request for a STG due process hearing. (*Id.* at

4  31.) In contrast, Judge Cobb found summary judgment should be granted to Defendants

5  Keith, Deal, Foster, and Skulstad because they either upheld Plaintiff's grievances or did

6  not deny him a STG classification hearing. (*Id.*; *see also id.* at 27-31.)

7          Judge Cobb concludes the First R&R by finding that Defendants are entitled to

8  summary judgment to the extent Plaintiff seeks to recover damages from them in their

9  official capacities. (*Id.* at 31.) Because Plaintiff moved for summary judgment as to liability,

10  but made no argument as to the damages or relief he sought, Judge Cobb recommends

11  that the "case should proceed to determine what relief Plaintiff is entitled to as to Count IV

12  regarding the violation of Plaintiff's right to due process by Baca, Irvin and Walsh." (*Id.*)

13          **B.      Second R&R**

14          As to the Second R&R, Judge Cobb recommends that Defendants' motion for

15  partial summary judgment ("MPSJ") be granted in part, and denied in part. (ECF No. 237

16  at 1.) First, Judge Cobb recommends denial of the MPSJ as to Plaintiff's excessive force

17  claim against Defendant Joshua Collins because, "whether Collins tried to take the chain

18  back because Plaintiff was not following orders and he feared for his safety, as Collins

19  suggests, or he jerked the chain back and pulled Plaintiff's arm through the food slot after

20  Plaintiff had been crying out in pain is a material factual dispute that must be determined

21  by the fact finder." (*Id.* at 16.) The video proffered by Defendants did not allow Judge Cobb

22  to resolve this dispute. (*Id.* at 14-16.) Judge Cobb further recommends the denial of the

23  MPSJ as to Plaintiff's retaliation claim against Defendant Joshua Collins because

24  Defendants proffered no evidence to dispute Plaintiff's contention that Defendant Joshua

25  Collins told Plaintiff he would "get nowhere with your complaints," and shortly thereafter

26  became entangled in the alleged excessive force incident with Plaintiff. (*Id.* at 18.)

27          As to Plaintiff's Eighth Amendment deliberate indifference to serious medical needs

28  claim regarding a bump on Plaintiff's left hand, Judge Cobb recommends the denial of the

3

1  MPSJ on Plaintiff's claims against Dr. Mar and Dr. Gedney, but recommends granting the

2  MPSJ as to Dr. Aranas. (*Id.* at 29.) The difference in Judge Cobb's Recommendation is

3  driven by the difference between the doctors' interactions with Plaintiff: while the evidence

4  shows Dr. Aranas merely responded to a second level grievance by telling Plaintiff to kite[3]

5  him again if the pain persisted, Dr. Mar and Dr. Gedney were involved in treating Plaintiff,

6  and decided he did not require any further treatment, though Plaintiff contends that he

7  does. (*Id.* at 23-28.)

8  **III.    LEGAL STANDARDS**

9        **A.    Review of the Magistrate Judge's Recommendations**

10        This Court "may accept, reject, or modify, in whole or in part, the findings or

11  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

12  timely objects to a magistrate judge's report and recommendation, then the Court is

13  required to "make a de novo determination of those portions of the [report and

14  recommendation] to which objection is made." *Id.* Where a party fails to object, however,

15  the Court is not required to conduct "any review at all ... of any issue that is not the subject

16  of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has

17  recognized that a district court is not required to review a magistrate judge's report and

18  recommendation where no objections have been filed. *See United States v. Reyna-Tapia*,

19  328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district

20  court when reviewing a report and recommendation to which no objections were made);

21  *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the

22  Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not

23  required to review "any issue that is not the subject of an objection."). Thus, if there is no

24  objection to a magistrate judge's recommendation, then the Court may accept the

25  recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226

26

27        [3]Meaning to submit a written request or complaint, which are known within the NDOC ecosystem as "kites." *See, e.g.*, *Snow v. McDaniel*, 681 F.3d 978, 983 (9th Cir.

28  2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) ("kite (*i.e.*, a written request)").

1 (accepting, without review, a magistrate judge's recommendation to which no objection
2 was filed).

3         **B.    Summary Judgment Standard**

4         "The purpose of summary judgment is to avoid unnecessary trials when there is no
5 dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
6 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,
7 the discovery and disclosure materials on file, and any affidavits "show there is no genuine
8 issue as to any material fact and that the movant is entitled to judgment as a matter of
9 law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is
10 a sufficient evidentiary basis on which a reasonable fact-finder could find for the
11 nonmoving party and a dispute is "material" if it could affect the outcome of the suit under
12 the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where
13 reasonable minds could differ on the material facts at issue, however, summary judgment
14 is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a
15 genuine issue of material fact is enough 'to require a jury or judge to resolve the parties'
16 differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th
17 Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In
18 evaluating a summary judgment motion, a court views all facts and draws all inferences in
19 the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach &*
20 *Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

21         The moving party bears the burden of showing that there are no genuine issues of
22 material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once
23 the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting
24 the motion to "set forth specific facts showing that there is a genuine issue for trial."
25 *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings
26 but must produce specific evidence, through affidavits or admissible discovery material, to
27 show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.
28 1991), and "must do more than simply show that there is some metaphysical doubt as to

1 the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting
2 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere
3 existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."
4 *Anderson*, 477 U.S. at 252.

5 **IV.    DISCUSSION**

6        In light of both parties' objections to Judge Cobb's R&Rs, the Court has engaged
7 in a *de novo* review to determine whether to adopt them. Upon reviewing the R&Rs and
8 records in this case, the Court finds good cause to adopt Judge Cobb's R&Rs in full. The
9 Court addresses both parties' objections to the First R&R and Second R&R in turn, after
10 first addressing the preliminary matter of Plaintiff filing unauthorized reply briefs.

11       **A.    Plaintiff's Reply Briefs**

12       Plaintiff has again filed reply briefs (ECF No. 244, 248) where none are permitted
13 without the Court's leave. (ECF Nos. 247 at 1, 6 (striking replies filed without leave of
14 Court).) Because Plaintiff filed replies in support of his objections in violation of LR IB 3-
15 2(a), and the Court moreover finds these replies to be unnecessary given the opportunities
16 Plaintiff has had to brief these issues, the Court will strike these reply briefs. (ECF Nos.
17 244, 248.) *See* LR IB 3-2(a) ("Replies [in support of objections] will be allowed only with
18 leave of court.") The Court instructs Plaintiff to stop filing reply briefs where none are
19 permitted by the Court's local rules.

20       **B.    First R&R**

21       Both parties object to the First R&R. Plaintiff generally objects that Judge Cobb
22 should not have granted summary judgment to Defendants Keith, Deal, Foster, and
23 Skulstad, especially Keith, on his due process claim, and objects to Judge Cobb's
24 characterization of Plaintiff having presented no argument as to damages. (ECF No. 236.)
25 Defendants respond that Judge Cobb properly granted summary judgment to these four
26 Defendants, and take issue with the arguments Plaintiff presents in the damages portion
27 of his objection. (ECF No 241.)

28

1    The Court overrules Plaintiff's objections to the First R&R. As to Plaintiff's argument

2    that Judge Cobb overlooked his argument as to damages in his underlying motion, Plaintiff

3    also says that he wants to proceed to trial on damages, which is what Judge Cobb

4    recommends he be allowed to do in the First R&R. (ECF Nos. 235 at 31, 236 at 5-7.) Thus,

5    the Court overrules Plaintiff's objection to the First R&R based on his damages argument.

6    As to Defendant Keith, Plaintiff argues in his objection that Keith was his

7    caseworker at the time, so directing Plaintiff to kite his caseworker to be added to the

8    hearing list was somehow disingenuous. (ECF No. 236 at 4.) But this argument does not

9    undermine the validity of Judge Cobb's finding as to Defendant Keith, which was that Keith

10   is entitled to summary judgment because he never inappropriately denied one of Plaintiff's

11   grievances, but instead merely advised him on the correct procedure. (ECF No. 235 at 27-

12   28.) Indeed, the applicable grievance response instructs Plaintiff on how to request an

13   STG classification hearing. (ECF No. 126 at 91.) There, Defendant Keith also explains

14   that Plaintiff was in administrative segregation at that time for medical reasons, so his

15   response to kite his caseworker once the medical reason to keep Plaintiff in administrative

16   segregation no longer applies does not amount to a denial of a STG due process hearing.

17   (*Id.*) Defendants also point to additional evidence supporting Defendant Keith's statement

18   that Plaintiff was administratively segregated for medical reasons at that time. (ECF No.

19   241-1.) It also appears from this grievance response that Plaintiff may be moved between

20   facilities, so the response seems to acknowledge that Defendant Keith may not be

21   Plaintiff's caseworker when Plaintiff could again request a STG due process hearing. In

22   sum, the evidence does not show Defendant Keith violated Plaintiff's due process rights.

23   Plaintiff's objection is overruled.

24   The Court similarly overrules Plaintiff's objection to Judge Cobb's grant of

25   summary judgment to Defendants Deal, Foster, and Skulstad. (ECF No. 236 at 2-3, 4.)

26   There is no requirement that Judge Cobb must discuss prior rulings on discovery motions

27   in his Recommendations, and no evidence that Judge Cobb did not look at some evidence

28   that Plaintiff submitted. (*Id.* at 2-3.) Further, Plaintiff's argument as to these three

1    Defendants' involvement in his due process claim does not address the substance of

2    Judge Cobb's findings as to their level of involvement. (*Compare id.* at 4 *with* ECF No. 325

3    at 28-31.) Plaintiff's objections to the First R&R are therefore overruled.

4           The Court also overrules Defendants' objections to the First R&R. (ECF No. 238.)

5    Defendants specifically object that Judge Cobb should have granted summary judgment

6    to Defendants Irvin, Baca, and Walsh on Plaintiff's Count IV (*id.* at 7-11), which, if the

7    Court agreed, would result in Defendants fully winning summary judgment as to Plaintiff's

8    due process claim (ECF No. 235 at 32). But the Court instead agrees with Judge Cobb

9    that Irvin, Baca, and Walsh are appropriate Defendants who should remain in the case as

10   to this claim. To start, the Court agrees with Judge Cobb's rejection of Defendants'

11   argument that a denial of prisoner grievances does not state a substantive constitutional

12   claim under any circumstances. (*Id.* at 27 (citing *Colwell v. Bannister*, 763 F.3d 1060, 1070

13   (9th Cir. 2014)).) As to Irvin, the Court agrees with Judge Cobb that, "Irvin's response

14   ignored the fact that Plaintiff had asked for a hearing and had never been given one." (ECF

15   No. 235 at 29.) The Court further agrees with Judge Cobb that Baca's later response to

16   one of Plaintiff's grievances both contradicts his earlier response and denied Plaintiff

17   access to a STG due process hearing. (*Id.* at 28.) And the Court agrees with Judge Cobb

18   that Walsh also ignored Plaintiff's request for a STG due process hearing, and therefore

19   remains a proper defendant here. (*Id.* at 30.) Thus, Judge Cobb did not err in finding

20   Plaintiff's Count IV could proceed against these Defendants.

21          The Court overrules both parties' objections to the First R&R.

22   **C.    Second R&R**

23          The Court will also overrule both parties' objections to the Second R&R. The Court

24   begins with Plaintiff's objection. Plaintiff objects only to Judge Cobb's recommendation to

25   grant summary judgment in Dr. Aranas' favor on Plaintiff's Eighth Amendment deliberate

26   indifference to serious medical needs claim based on the bump on his hand. (ECF No.

27   239 at 2-4.) But Plaintiff's objection does not address Judge Cobb's key findings that Dr.

28   Aranas was not deliberately indifferent even if he was operating under the mistaken belief

8

1 | that Plaintiff had seen a specialist, and that Dr. Aranas told Plaintiff to kite again if he was

2 | still experiencing pain. (ECF No. 237 at 28.) The Court agrees with these findings, and

3 | therefore also agrees with Judge Cobb's Recommendation to grant summary judgment to

4 | Dr. Aranas on this claim.

5 | The Court will also overrule Defendants' inverse objection that Judge Cobb should

6 | have granted summary judgment to Dr. Mar and Dr. Gedney. (ECF No. 243 at 8-11.) To

7 | start, the Court rejects Defendants' argument that Judge Cobb's decision should be

8 | overruled because Judge Cobb determined Plaintiff's potential visit to Dr. Vacca was

9 | unrelated to the bump on his hand—because Judge Cobb did no such thing. (*Compare*

10 | *id.* at 9 *with* ECF No. 237 at 26-27 (noting a dispute remains between the parties on this

11 | issue, and that Defendants' evidence did not establish that Dr. Mar and Dr. Gedney

12 | adequately addressed the bump on Plaintiff's hand).) Beyond that misguided point,

13 | Defendants merely restate their contentions from the underlying motion that Plaintiff did

14 | not have a serious medical need, and that Dr. Mar and Dr. Gedney were insufficiently

15 | involved with Plaintiff's treatment to be subject to liability. (ECF No. 243 at 10-11.) But

16 | Court is unpersuaded Judge Cobb erred. Instead, the Court agrees with Judge Cobb that

17 | the bump on Plaintiff's hand could constitute a serious medical need, and "that a genuine

18 | dispute of material fact exists as to whether Dr. Mar and Dr. Gedney were deliberately

19 | indifferent to Plaintiff's serious medical need." (ECF No. 237 at 24-25.)

20 | Defendants also object to Judge Cobb's denial of summary judgment to Defendant

21 | Joshua Collins on Plaintiff's excessive force and retaliation claims against him. The Court

22 | will also overrule these objections. As to the excessive force claim, the Court watched the

23 | video. (A manual filing responsive to ECF No. 221.) Judge Cobb's careful description of

24 | the video's contents (ECF No. 237 at 14-16), aligns much better with its contents than

25 | Defendant's regurgitated, unpersuasive description taken from its underlying motion (ECF

26 | No. 243 at 5-7; *see also* ECF No. 181 at 6-7 (containing virtually identical text as the

27 | pertinent portion of ECF No. 243)). And the Court agrees with Judge Cobb the video does

28 | not show Defendants are entitled to summary judgment on Plaintiff's excessive force

claim, but instead that a dispute of material facts remains as to whether "Plaintiff was not following orders and [Defendant Collins] feared for his safety, as [Defendant] Collins suggests, or he jerked the chain back and pulled Plaintiff's arm through the food slot after Plaintiff had been crying out in pain[,]" as Plaintiff suggests. (ECF No. 237 at 16.) Thus, Defendant Joshua Collins is not entitled to summary judgment on this claim.

Judge Cobb also found that genuine issues of material fact preclude summary judgment on Plaintiff's retaliation claim against Defendant Collins. (*Id.* at 17-18.) The Court also overrules Defendants' objection to this finding (ECF No. 243 at 7-8) because Defendant Collins addresses neither in his underlying motion nor in his objection "the statement in Plaintiff's verified amended complaint that while serving Plaintiff's medical lunch the very next day, Collins said to Plaintiff: 'You'll get nowhere with your complaints—I hope you learned that yesterday.'" (ECF No. 237 at 18.) Viewed in the light most favorable to Plaintiff, that statement evidences a desire to retaliate which, especially because it is unrebutted, contributes to a material factual dispute as to whether Defendant Collins retaliated against Plaintiff for filing grievances. Defendant Collins is not entitled to summary judgment on this claim based on the evidence and argument Defendants have presented.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Reports and Recommendations of Magistrate Judge William G. Cobb (ECF Nos. 235, 237) are accepted and adopted in full.

It is further ordered that Defendants' counter-motion to dismiss (ECF No. 158) and motion for summary judgment (ECF No. 181), to the extent both address the statute of limitations as it applies to Plaintiff's due process claim based on his STG designation, are granted in part, and denied in part. They are granted as to Plaintiff's initial STG designation

and subsequent classification decisions before his second STG designation on March 2, 2012, but denied as to events arising from that March 2, 2012 designation or thereafter. Thus, the Court grants summary judgment to Defendants LeGrand and McDaniel because Plaintiff's claims against them are time-barred.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 126) is granted in part, and denied in part. It is granted as to Defendants Baca, Irvin, and Walsh but denied as to Defendants Keith, Deal, Foster and Skulstad.

It is further ordered that Defendants' motion for summary judgment (ECF No. 181) is granted in part, and denied in part. It is granted to the extent Plaintiff seeks to recover monetary damages against Defendants in their official capacities. As to Plaintiff's Count I—the excessive force and retaliation claims against Defendant Joshua Collins—Defendants' motion is denied. As to Plaintiff's Count III, Defendants' motion is granted as to Dr. Aranas, but denied as to Dr. Mar and Dr. Gedney. As to Plaintiff's Count IV, Defendants' motion is granted as to Defendants Keith, Deal, Foster and Skulstad, but denied as to Defendants Baca, Irvin and Walsh.

The Clerk of Court is directed to strike Plaintiff's reply briefs (ECF Nos. 244, 248) filed in response to Defendants' responses to his objections to Judge Cobb's R&Rs.

DATED THIS 6th day of August 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE