# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD COLLINS, | Case No.: 3:16-cv-00111-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF Nos. 273, 294, 301, 330 & 335 |
| JOSHUA COLLINS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 294) and various other matters (ECF Nos. 273, 301 330 & 335). Defendants responded to Plaintiff's motion to enforce the settlement agreement in ECF No. 308. The response mainly addressed the Defendants' efforts with complying with the terms of the settlement agreement. Plaintiff replied to Defendants' response and mainly argued Defendants were not complying with the settlement agreement. (ECF No. 316.)

The court conducted a hearing on Plaintiff's Motion to Enforce Settlement Agreement on June 25, 2021. (ECF No. 325.) The minutes of that hearing reflect that although the court

1

expressed what it called "serious concern" whether the court had jurisdiction to address Plaintiff's motion to enforce the settlement agreement, the court attempted to bring the parties to a consensus on resolving any dispute as to fulfilling the terms of the settlement agreement:

> The court directs the parties to review the Settlement Agreement (ECF No. 294, p. 37 of 40, ¶ IV) regarding jurisdiction and discusses same. The court expresses its serious concerns about whether the court has jurisdiction to address Plaintiff's Motion regarding enforcement of the settlement agreement. However, in furtherance of what Judge McQuaid said at the second settlement conference which led to the parties' initial settlement agreement, the court again wants to "get together and salvage the [original] settlement agreement because" as Judge McQuaid stated. "it was a good settlement." (ECF No. 287 at 3). Without recognizing – or rejecting – the court's jurisdiction over the settlement dispute, and with the consent of the parties, the court entertains discussion among the parties to attempt to reach an informal resolution of the medical issues which Plaintiff states remain unaddressed by NDOC.

(*Id.* at p. 1, ll. 27-28 and p. 2, ll. 1-9.)

The court scheduled a follow-up conference on September 23, 2021, to discuss whether the parties have been able to achieve a resolution of any of the disputed terms of the settlement agreement. The court directed the parties to file a joint status report on their meet and confer efforts by September 15, 2021. (ECF No. 325 at 2.)

Subsequent to the hearing, Plaintiff filed notices, motions and an objection. (ECF Nos. 328, 330 and 335.) From these filings, it is readily apparent that the parties will not be able to reach a consensus as to whether the Defendants are complying with the terms of the settlement agreement and any further attempt by the court to secure reconciliation by the parties is futile.

/ / /

/ / /

2

Defendants have filed a "Motion to Stay the Action Until Resolution of a Forthcoming Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction." (ECF No. 336.) The Defendants seek a stay pending "resolution of a forthcoming Rule 12(b)(1), Federal Rules of Civil Procedure, motion to dismiss for lack of subject matter jurisdiction." (*Id.*) Defendants' motion also references Rule 12(h)(3) which states a court must dismiss an action at any time it determines it lacks jurisdiction.

Procedurally, the court cannot discern at this time whether the "vehicle" to question the court's jurisdiction over a motion to enforce a settlement agreement would be a Rule 12(b)(1) motion, or a Rule 12(h)(3) motion – or whether Defendants should have contested jurisdiction at the outset when responding to Plaintiff's motion to enforce the settlement agreement. It would appear to the court that Defendants' motion to stay the action adequately addresses the jurisdictional argument and an additional Rule 12 motion, on whichever subsection, is unnecessary. Nevertheless, the court will allow Defendant to and including Friday, September 10, 2021, to file a motion challenging jurisdiction of this court to address Plaintiff's motion to enforce the settlement agreement.[1]

---

[1] The court is aware Plaintiff filed an objection to the court's discussion of the settlement agreement at the June 25, 2021, status conference (ECF No. 328). Plaintiff argues, *inter alia*, that Defendants waived any further jurisdictional arguments by not including such in their response (ECF No. 308) to Plaintiff's motion (ECF No. 294). Without venturing into the realm of the propriety of Plaintiff's objection – which of course is within the purview of Chief District Judge Du – as justification for allowing Defendants to proceed with their proposed Rule 12 motion, the court recognizes the language of Rule 12(h)(3) that the court may address jurisdiction "at any time." Additionally, the court itself raised the subject of jurisdiction at the court's June 25, 2021, status conference as the first order of business. (ECF No. 325).

While the court will allow Plaintiff to respond to Defendants' motion to stay, until the jurisdictional issues are resolved, Plaintiff shall not file any more motions relating to Defendants' alleged non-compliance with the terms of the settlement agreement.[2]

The court will schedule a hearing on Defendants' anticipated jurisdiction at a later date if the court deems a hearing is necessary.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion Informing the Court" (ECF No. 330) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Response (ECF No. 335) is **DENIED**.

**IT IS FURTHER ORDERED** that the Status Conference scheduled on **September 23, 2021, at 10:00 a.m.** is **VACATED**. Additionally, the parties' obligation to file a Joint Status Report by September 15, 2021 (ECF No. 325 at 2) is **VACATED**.

DATED: September 3, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] It is likely that this case is still operating under a stay order Chief Judge Du entered on December 5, 2019. After the parties had entered into a "global settlement of three cases currently before the Court," Plaintiff Collins filed "multiple motions in this matter (ECF Nos. 265, 267, 268), including for a hearing regarding the parties' settlement." (footnote omitted) The court stated that it would "*sua sponte* stay this case" [ ] pending a determination relating to the global settlement." (ECF No 273, pp. 1-2.) It appears from the docket for this case that the stay was never lifted, although it may have been possibly exonerated by the dismissal of the action. (ECF No. 293.) Nevertheless, the gravamen of all the post-dismissal filings revolves around – in general terms at least – "a determination relating to the global settlement." (ECF No. 273 at 2). Any additional stay, if even necessary, which might be ordered pursues that same policy.