AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada  89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants, Romeo Aranas, Isidro Baca, Joshua Collins, Karen Gedney, Joel Hightower, Silvia Irvin, Robert LeGrand, David Mar, E. K. McDaniel, and Lisa Walsh*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| RONALD COLLINS, | Case No.  3:16-cv-00111-MMD-WGC |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME OF SEVEN DAYS TO SUPPLEMENT THEIR AUGUST 31, 2021 MOTION (ECF NO. 336) TO STAY THE ACTION UNTIL RESOLUTION OF A FORTHCOMING RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |
| v. | |
| JOSHUA COLLINS, *et al.*, | |
| Defendants. | |

Defendants, Romeo Aranas, Isidro Baca, Joshua Collins, Karen Gedney, Joel Hightower, Silvia Irvin, Robert LeGrand, David Mar, E. K. McDaniel, and Lisa Walsh, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Alexander J. Smith, Deputy Attorney General of the State of Nevada, hereby request that the court grants Defendants an additional seven days to supplement their August 31, 2021 motion (ECF No. 336) to stay the action until resolution of a forthcoming Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.*

---

* Rule 6(b)(1), Federal Rules of Civil Procedure, governs an extension of time:

A September 3, 2021 order (ECF No. 340) states:

> Procedurally, the court cannot discern at this time whether the "vehicle" to question the court's jurisdiction over a motion to enforce a settlement agreement would be a Rule 12(b)(1) motion, or a Rule 12(h)(3) motion – or whether Defendants should have contested jurisdiction at the outset when responding to Plaintiff's motion to enforce the settlement agreement. It would appear to the court that Defendants' motion to stay the action adequately addresses the jurisdictional argument and an additional Rule 12 motion, on whichever subsection, is unnecessary. Nevertheless, the court will allow Defendant to and including Friday, September 10, 2021, to file a motion challenging jurisdiction of this court to address Plaintiff's motion to enforce the settlement agreement.

(ECF No. 340 at 3)

Indeed, in their August 31, 2021 motion (ECF No. 336) to stay, Defendants provided the court with over sixteen pages of extensive legal research and analysis on the complicated questions that arise in the context of Rule 41 and state in the final paragraph of the conclusion: "Finally, Defendants invite the court to construe this motion to stay as a combined motion to stay and motion to dismiss under Rule 41(b)(1) if it considers the issue of subject-matter jurisdiction sufficiently briefed." (ECF No. 336 at 16). As per the above quote from the September 3, 2021 order, the court accepts that the issue of subject-matter jurisdiction is already sufficiently briefed but graciously grants Defendants an additional week in which to supplement that motion with an additional Rule 12(b)(1) motion. Defendants express their gratitude for the opportunity to provide the court with

---

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). For the reasons outlined on pages 2–3, Defendants show good cause for a brief extension of time. Second, Local Rule (LR) IA 6-1 requires that a motion to extend time must state the reasons for the extension requested. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension. Defendants assert that they demonstrate good cause under both Rule 6 and the local rules.

Page **2**

clarification and for the court's speedy response in adjudicating Defendants' recent motions.

Because the court afforded only seven days to move, because Attorney Smith has handled a particularly heavy caseload this last week involving several important deadlines, because several staff are resigning and cases are being reassigned, because this area of law is complex in places, and because the court raises the issue of whether the "vehicle" to question the court's jurisdiction at this time is via a Rule 12(b)(1) or a Rule 12(h)(3) motion, Defendants respectfully request an additional week to address that and any other issues that might arise in the course of extra research. The Rule 12(b)(1)/Rule 12(h)(3) issue did arise when Attorney Smith researched this issue—he discovered that across numerous districts defendants have moved under either provision—but Defendants wish to back that up with authority, although they assert that either "vehicle" is appropriate.

Second, Defendants wish to draw to the court's attention to the most pertinent arguments and authorities contained within their August 31, 2021 motion so as to specifically clarify several issues and assist the court further in arriving at a just and legally-sound decision. Attorney Smith will consult several additional civil procedure treatises in order to consolidate several of Defendants' arguments.

In sum, Defendants demonstrate good cause for extending the September 10, 2021 deadline to September 17, 2021, in which they will really focus the court's attention on several key cases and pertinent quotes from the very many relevant authorities cited in their August 31, 2021 motion.

DATED this 10th day of September, 2021.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**
DATED: September 13, 2021.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE

Page **3**