UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD COLLINS,<br><br>                            Plaintiff,<br>          v.<br><br>JOSHUA COLLINS, *et al.*,<br><br>                            Defendants. | Case No. 3:16-cv-00111-MMD-WGC<br><br>ORDER |

The parties to this closed case entered into a settlement agreement. (*See, e.g.*, ECF No. 294 at 33-40 (dated Jan. 27 and Feb. 6, 2020) ("Settlement Agreement").) The parties subsequently filed a stipulation to dismiss this case with prejudice that the Court signed, closing this case. (ECF No. 293 (issued Feb. 11, 2020) ("Dismissal Order").) The Dismissal Order contained only two provisions. It first provided that this case was dismissed, in its entirety, with prejudice, with each party to bear its own attorneys' fees and costs. (*Id.* at 1.) Second, it stated, "[t]his Stipulation for Dismissal with Prejudice is executed according to the terms agreed upon in the Settlement Agreement executed by the parties…" (*Id.* at 2.) Before the Court are two pending objections to subsequent rulings by United States Magistrate Judge William G. Cobb filed by Plaintiff Ronald Collins (ECF Nos. 328, 344) and Defendants' motion to stay this case in which Defendants imprecisely[1] argue the Court lacks subject matter jurisdiction over the parties' dispute regarding the Settlement Agreement (ECF No. 336). Because the Court finds it lacks subject matter jurisdiction over the parties' dispute as to the Settlement Agreement reflected in the

---

[1] The Court does not condone Defendants' counsel's approach of moving to stay this case until he has time to file a motion to dismiss, particularly considering that the motion to stay contains the arguments that a motion to dismiss would have contained anyway. Such an approach generates unnecessary motion practice.

pending motion and objections, and as further explained below, the Court will deny the pending motion and objections as moot.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts lack jurisdiction "over disputes arising out of an agreement that produces" a stipulation to dismiss a case with prejudice, provided the dismissal order does not contain an ongoing jurisdiction clause. *Id.* at 378; *see also id.* at 377-82.

Indeed, in *Kokkonen*, the parties stipulated to dismiss their case with prejudice and "the District Judge signed the Stipulation and Order under the notation 'It is so ordered.'." *Id.* at 376-77. One of the parties subsequently felt the other was not honoring their settlement agreement and brought a motion to enforce the settlement agreement. *See id.* at 377. The district court entered an enforcement order under its inherent powers. *See id.* The Supreme Court found that decision was error, going on to explain that federal courts lack jurisdiction over settlement agreement disputes if the operative stipulation to dismiss the case does not include a provision giving the district court ongoing jurisdiction to adjudicate disputes as to the settlement agreement. *See id.* at 377-82.

In its present posture, this case is materially indistinguishable from *Kokkonen*. The Dismissal Order does not give the Court ongoing jurisdiction to adjudicate disputes over the Settlement Agreement. (ECF No. 293.) Here, like in *Kokkonen*, "the only order . . . was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement." 511 U.S. at 380. The Court accordingly lacks jurisdiction over the parties' dispute about the Settlement Agreement reflected in the pending objections and motion.[2] *See id.* at 377-82.

///

///

---

[2] While irrelevant to the Court's decision here, the Settlement Agreement also states that Collins' remedy in the event of a perceived breach is to file a new lawsuit, not file something in this case like he did here. (ECF No. 294 at 37.)